Hiawatha Community School District No. 426 of De Kalb, Boone, Ogle and Winnebago Counties, Illinois, Appellant, v. Horace M. Skinner, County Clerk of Winnebago County, Illinois, Appellee.

Gen. No. 11,530.

Second District, Second Division.
September 19, 1961.

Harold Rissman, of DeKalb, for appellant.

William R. Nash, State's Attorney, Court House, of Rockford, and Rosario A. Gaziano, Assistant State's Attorney, Court House, Rockford, for appellee.

WRIGHT, J.

A petition was filed in the Circuit Court of Winnebago County on June 2, 1960, by Hiawatha Community Unit School Dist. No. 426 of DeKalb, Boone, Ogle and Winnebago Counties, Petitioner, for a writ of mandamus to compel Horace M. Skinner, County Clerk of Winnebago County, Defendant, to extend a levy of the Community Unit District for taxes for the year 1959 upon certain lands in Winnebago County which were included in that district until the effective

date of their detachment therefrom and annexation to Elementary School Dist. No. 112 and to Protectorate High School Dist. No. 211 of Winnebago County. The Circuit Court, upon motion of the defendant, struck the petition and entered a judgment order "that plaintiff take nothing by its suit and that defendant go hence without day and that plaintiff pay the cost of suit," from which order the petitioner appealed directly to the Illinois Supreme Court. The Supreme Court found the case was wrongfully appealed to that court and on April 3, 1961, entered an order transferring the case to this court.

The petitioners on June 25, 1958, filed with the County Board of School Trustees for DeKalb and Winnebago Counties, petitions to detach certain land from Hiawatha Community Unit School Dist. No. 426 of DeKalb, Boone, Ogle and Winnebago Counties and to annex the same to Elementary School Dist. No. 112 and to Community High School (Protectorate) Dist. No. 211 of Winnebago County. On September 5, 1958, the DeKalb County Board of School Trustees granted the petition and on October 14, 1958, the Winnebago County Board of School Trustees granted the petition.

The Hiawatha Community Unit School Dist. No. 426 on October 22, 1958, filed in the Circuit Court of DeKalb County a complaint for administrative review of the decisions of the two County Boards of School Trustees and on July 16, 1959, the Circuit Court of DeKalb County entered an order affirming the decisions of the two County Boards.

Thereafter, on August 1, 1959, the Superintendent of Schools of Winnebago County filed with the County Clerk of Winnebago County a map showing the detachment of the land in question from Hiawatha Community Unit School Dist. No. 426 and the annexation

189

of the land to Elementary School Dist. No. 112 and to Community High School (Protectorate) Dist. No. 211 of Winnebago County.

Hiawatha Community Unit School Dist. No. 426 thereafter on September 4, 1959, served notice on all the defendants in the original action of detachment that it had appealed the decision of the Circuit Court of DeKalb County to the Appellate Court of Illinois, Second Dist. This court, in an opinion filed April 26, 1960, reported as Board of Education of Hiawatha Community Unit School Dist. No. 426 v. County Board of School Trustees of DeKalb County, 25 Ill App2d 390, 166 NE2d 472, affirmed the judgment entered by the Circuit Court of DeKalb County, Illinois.

The petition for mandamus alleges that the defendant, Horace M. Skinner, County Clerk of Winnebago County, refused to extend the tax on behalf of Hiawatha Community Unit School Dist. No. 426 on the lands in Winnebago County which were the subject of the detachment and annexation.

The parties hereto are in disagreement as to the effective date of the detachment and annexation decisions of the County Board of School Trustees for DeKalb and Winnebago Counties.

Petitioner contends that the change in boundaries of the respective districts did not become effective until the decisions of the County Board of School Trustees of Winnebago and DeKalb Counties detaching the land here in question from Hiawatha Community Unit School Dist. No. 426 of DeKalb, Boone, Ogle and Winnebago Counties and annexing the same to Elementary School Dist. No. 112 and Community High School (Protectorate) Dist. No. 211 of Winnebago County was finally disposed of and affirmed under administrative review. The decisions, petitioner argues, did not become final until June 20,

190

1960, being the last day on which a petition for re-hearing could have been filed in the Appellate Court for rehearing on its decision affirming the order of the Circuit Court of DeKalb County entered on July 16, 1959, which affirmed the decisions of the County Boards of School Trustees and, therefore, argues that the map which was filed on August 1, 1959, was pre-maturely filed by the County Superintendent of Schools in violation of Ill Rev Stats, c 122, § 4B–9, 1959 edition.

The defendant's theory is that the change in bound-aries of the detached area became effective on July 16, 1959, the date that the order was entered by the Circuit Court of DeKalb County, affirming the deci-sion of the County Board of School Trustees of DeKalb and Winnebago Counties. Defendant further contends that mandamus is not the proper remedy and that the county clerk is a mere ministerial officer, and no judicial acts are required of him in extending taxes.

 We will first direct our attention and con-sideration to the question raised by defendant as to whether mandamus is the proper remedy. Mandamus is a summary, expeditious and drastic common-law writ of an extraordinary character, sometimes re-ferred to as the highest judicial writ known to the law. People v. Dusher, 411 Ill 535, 104 NE2d 775. One seeking a writ of mandamus must show a clear right to the writ. People v. Schlaeger, 391 Ill 314, 63 NE2d 382; People v. Blair, 292 Ill 139, 126 NE 605. It will not be issued in doubtful cases. 26 ILP, Mandamus, Sec 32. The county clerk is a ministerial officer, and no judicial acts are required of him in extending taxes. People ex rel. Schnipper v. Missouri P. R. Co., 332 Ill 53, 163 NE 348. It is his duty to extend the taxes as they appear upon the books. He

191

has no right, nor is it his duty, to determine whether taxes have been legally assessed or not. People ex rel. Kinsella v. Opel, 207 Ill 469, 69 NE 838.

 It was not incumbent upon the defendant county clerk to ascertain whether or not the map filed on August 1, 1959, by the County Superintendent of Schools of Winnebago County under authority of Ill Rev Stats, c 122, § 4B–9, 1959 edition, supra, was in compliance with the statute. It was the county clerk's duty to accept and file said map and to act thereupon in the performance of his ministerial duties in connection with the extension of the taxes. Mandamus lies to compel the doing of what ought to be done, and not to undo what ought not to have been done. Board of Education of School Dist. 85½ v. Idle Motors, 339 Ill App 359, 90 NE2d 121. In the case now before us the taxes have already been extended by the county clerk pursuant to the map which was filed with him by the County Superintendent of Schools of Winnebago County. The taxes have been collected, and the taxes have been distributed. Thus, where an officer required to perform an act has performed and completed the act which it was his duty to perform, mandamus will not lie to compel him to undo the act as performed and to perform it in another manner. People ex rel. Olson v. Sweitzer, 185 Ill App 282; Board of Education of School Dist. 85½ v. Idle Motors, supra. We conclude that mandamus was properly denied by the trial court.

Our conclusion that mandamus is not a proper proceeding in this case makes it unnecessary to pass upon the other questions raised and fully and ably discussed in the briefs of counsel. That is the question as to the effective date of the decisions of the County Board of School Trustees and whether or not the map

192

showing the detachment and annexation of the land in question was prematurely filed with the county clerk by the County Superintendent of Schools.

Affirmed.

SPIVEY, P. J. and CROW, J., concur.