THE CITY OF EAST PEORIA et al., Plaintiffs-Appellants, v. TAZEWELL COUNTY et al., Defendants-Appellees.

(No. 73-123;

Third District—February 28, 1974.

*Rehearing denied April 8, 1974.*

STOUDER, J., dissenting.

Carl F. Reardon, of East Peoria, and Harold J. Rust, of Pekin, for appellants.

C. Brett Bode, State's Attorney, Robert L. Metzler, William F. Morris, and Eliff, Keyser & Hallberg, all of Pekin, Samuel G. Harrod, of Eureka, and Arthur R. Kingery, Davis, Morgan & Witherell, and Fred V. Stiers, all of Peoria, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is a class action, brought by the City of East Peoria, the Village of North Pekin, School District #86 (East Peoria grade), and School District #50 (Sunnyland), for themselves and other taxing districts in Tazewell County, Illinois. The defendants are Tazewell County, its County Treasurer, Harry Condon, and its County Clerk, Roy H. Lowry. The Circuit Court of Tazewell County granted the relief sought but denied fees. Whether the plaintiffs should be awarded attorneys' fees is the sole question presented to us for review.

The plaintiffs' complaint was filed to challenge the validity of an ordinance passed by the Tazewell County Board of Supervisors which required a service charge to be exacted from the 142 taxing districts of Tazewell County for the County's collection of their taxes. The plaintiffs notified all other members of the class that a suit had been filed in their behalf, and afterwards kept them informed of the progress of the case. The circuit court declared the ordinance unconstitutional and enjoined the County from enforcing the ordinance in future years. It also issued a temporary restraining order requiring the County to hold in escrow pendente lite the $450,000 it had theretofore collected but had not yet spent. Distributions totaling $400,000 were subsequently authorized to be made from the $450,000 fund to the various taxing bodies, but $50,000, the amount the plaintiffs seek to have allowed as fees, was ordered retained in escrow pending a determination of the allowability of fees from this fund. The circuit court subsequently ruled that no fees would be allowed, expressing its opinion that because of the uniqueness of the case a court of review should resolve the matter. It is from this ruling that the present appeal is taken.

The County takes the position that the recognized rule with respect to the payment of attorneys' fees in a typical class action does not apply to litigation in which the plaintiff seeks a declaratory judgment that a legislative enactment is unconstitutional, and that public money accumulated in the process of tax collection and distribution cannot be diverted to

pay an award of attorneys' fees. Cited in support of the County's position, among other cases, are two recent decisions of the Illinois Supreme Court, *Rosemont Building Supply, Inc. v. Illinois Highway Trust Authority,* 51 Ill.2d 126, and *Hoffman v. Lehnhausen,* 48 Ill.2d 323.

The plaintiffs contend that these cases are distinguishable on the basis that in neither of them was a fund available from which the court could require attorneys' fees to be paid, and that equitable considerations require an allowance of fees in this case. We must first examine *Rosemont* and *Hoffman,* before proceeding to the equitable considerations elaborated in the plaintiffs' briefs.

In *Rosemont* a class action was brought to have the Illinois Highway Trust Authority Act declared unconstitutional. The Act was held to be unconstitutional, as the plaintiffs claimed, but an order awarding fees as requested by the plaintiffs' attorneys was reversed on appeal. The Illinois Supreme Court said:

"This is not the usual class action in which attorneys fees are allowed from a fund which was brought into court by the plaintiff or plaintiffs who sued as members of a class. Here no fund was involved and, even though the plaintiffs contend that this circumstance is irrelevant, it does present the question of whether the recognized rule for the payment of attorneys fees and costs in a typical class action should be extended to litigation wherein the plaintiff seeks a declaratory judgment that a legislative enactment is unconstitutional.

While fees and costs are awarded more freely today than in the past, we deem it improper to expand this doctrine under the circumstances of this case." 51 Ill.2d at 130.

In *Hoffman,* two class actions were brought to have a statute creating a homestead exemption declared unconstitutional and to enjoin the statute's enforcement. The two actions were consolidated, and a declaratory judgment was entered which held the Statute unconstitutional. Attorneys' fees were not allowed. On appeal the Illinois Supreme Court stated:

"The final problem concerns the application of attorneys for the plaintiffs in the consolidated action for an allowance of costs and reasonable attorneys fees. These motions were denied, and in our opinion the ruling of the trial judge was correct. Several considerations set this case apart from the usual situation in which attorneys fees are allowed from a fund brought into court by one who sues as a member of a class. No fund was involved in this case. The attorneys for the plaintiff say that this circumstance is irrelevant, because the trial judge refused to enter an order which

would have created such a fund. Again we think, however, that the ruling of the trial court was correct. We are aware of no authority under which the process of tax collection and distribution could have been interrupted to divert from the governmental bodies that had levied the taxes an amount fixed by the court as fees for the attorneys for the plaintiffs.

There is no doubt that the attorneys for the plaintiffs have rendered valuable services and that their efforts have benefited the class of persons they purported to represent. It is also true that allowances of fees and expenses to those who volunteer to represent the rights of others are more freely made today than in the past. The authorities are discussed in *Mills v. Electric Auto-Lite Co.* (1970), 396 U.S. 375, 24 L.Ed.2d 593, 90 S.Ct. 616. Nevertheless the principle of stare decisis remains a basic tenet of our legal system, and one of the consequences is that a legal doctrine established in a case involving a single litigant characteristically benefits all others similarly situated." 48 Ill.2d at 329-330.

It appears to us that in each of these two cases, *Rosemont* and *Hoffman,* the absence of a fund was just one of two bases on which the decision of the court could be said to rest. The Illinois Supreme Court has thus indicated to us that fees should not be awarded in "litigation wherein the plaintiff seeks a declaratory judgment that a legislative enactment is unconstitutional," and there is "no authority under which the process of tax collection and distribution could have been interrupted to divert from the governmental bodies that had levied the taxes an amount fixed by the court as fees for the attorneys for the plaintiffs." We accordingly affirm the judgment of the Circuit Court of Tazewell County denying fees.

Judgment affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STOUDER dissenting:

I am unable to concur with the majority of the court. In my opinion the attorneys' fees should have been awarded by the trial court. In dissenting, I adopt the view expressed in *Flynn v. Kucharski,* 16 Ill.App.3d 624, 306 N.E.2d 726, and rely on the reasoning stated in that opinion. Both Illinois and out-of-state decisions on the issue at hand are reviewed therein and I believe it unnecessary to repeat and discussion of these cases since they have led me to the same conclusion as reached in the *Flynn* case.

The only relevant factual difference between the *Flynn* case and the

instant case appears in the constituents of the plaintiff class. In *Flynn* the members of the plaintiff class were taxpayers who successfully recovered funds unconstitutionally withheld by defendants ·which funds were to be ultimately deposited with the corporate fund of Cook County, whereas in the case before our court, it is the municipal bodies who are the members of the plaintiff class and who are entitled to the benefit of the funds. Nevertheless, in each case the attorneys' fees sought are out of a fund under the court's control which has been recovered from the defendants who unconstitutionally withheld the funds and the recovery is for the benefit of one or more taxing bodies.

I believe reasons to justify a recovery appear even more emphatically in the case before us. It should be noted there is a specific recovery by each of the members of the plaintiff class, and unlike *Flynn*, the members of the class are to receive the fund directly. If the attorneys had not prosecuted the case as a class action, each of these taxing bodies might have had to litigate its own case to recover its share of the funds held by the defendants. Every member of the class was benefited as a result of the class action through the efforts of the attorneys and none should be given an unfair advantage by not sharing in costs and attorneys fees. From time to time the attorneys for the named plaintiffs made four mailings to the officials of the governmental bodies including the objectors making up the class of plaintiffs. Such mailing advised the members of the class of the pendency and status of the litigation. Those members of the class who now object to the allowance of attorneys' fees could have requested exclusion from the class, in which case they would have been free to file their° individual suits making their own arrangements concerning payment of attorneys' fees. It should be noted that if these objectors had requested exclusion from the class and also not filed an individual suit, there would be no benefit accruing to them as far as any fund is concerned.

Finally, I wish to emphasize that *Rosemont Building Supply, Inc. v. Illinois Highway Trust Authority*, 51 Ill.2d 126, 281 N.E.2d 338, and *Hoffman v. Lehnhausen*, 48 Ill.2d 323, 269 N.E.2d 465, both cited by the majority to bolster its conclusion, do not furnish the needed support. In neither case did the plaintiffs recover illegally held funds nor was there any fund brought by the plaintiffs into the court. The court in both cases refused to assess against the unsuccessful litigant (defendants) the fees for the successful litigants' (plaintiffs) attorneys. In *Rosemont*, the plaintiffs' attorneys petitioned the trial court for an allowance against the defendants of plaintiffs' attorneys' fees and costs. In *Hoffman*, the court said, as pointed out by my colleagues, "We are aware of no authority under which the process of tax collection and distribution could have

been interrupted to divert from governmental bodies that had levied the taxes an amount fixed by the court as fees for the attorneys for the plaintiffs." Noting that it is the defendants who represent the governmental bodies, it is apparent that it is from the unsuccessful defendants the court refused to take tax moneys for the fees of plaintiffs' attorneys.

The instant case is clearly distinguishable because plaintiffs' representative action has resulted in the creation of a fund out of the wrongfully withheld tax monies recovered from defendants and the benefit of the fund is to be shared by the plaintiff class. Such a situation clearly falls within the rule followed by a majority of the courts;

> "In the United States, a successful litigant is not usually reimbursed for his counsel fees—the largest item of his expenses. But when the litigation which he instituted salvages assets which others will share, i.e., creates, increases or protects a fund for the benefit of a class of which he is a member, the resultant fund may be charged with all necessary expenses incurred in achieving it. Not by the unsuccessful party are the expenses of the successful litigant paid, but by the class which would have had to pay these expenses had it brought the suit." Hornstein, Legal Therapeutics: The "Salvage" Factor in Counsel Fee Awards, 69 Harv. L. Rev. 658 (1956).

Accordingly, I believe the judgment of the circuit court of Tazewell County should be reversed.