CENTURY COMMUNITY UNIT SCHOOL DISTRICT No. 100, Plaintiff-Appellee, *v.* RUTH McCLELLAN *et al.*, Defendants-Appellants.

(No. 74-162;

Fifth District—March 20, 1975.

Byron L. Connell, State's Attorney, of Mound City, for appellants.

James W. Sanders, of Marion, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal by the treasurer and other officials of Pulaski County, Illinois, from a decision of the circuit court granting a writ of mandamus to the Century Community Unit School District No. 100 compelling the county to pay over to the district funds withheld from the district to cover the cost of assessment, extension and collection of the District's taxes by the county.

In September 1971 the District filed its certificate of tax levy in the office of the county clerk of Pulaski County. The certificate of levy was handled in the usual fashion and the taxes extended against each parcel of real estate in the school district, following which the collector's books were turned over to the county collector for collection of local taxes, including school taxes, for 1971 payable in 1972.

In May 1972 the Board of County Commissioners of Pulaski County passed a resolution apportioning the costs of assessment, extension and collection of taxes for 1971 among local governmental taxing bodies, including the unit school district. The resolution directed the collector to withhold from such bodies a total of $52,000 for the cost of assessment, extension and collection of taxes. The portion of costs attributable to the

school district was $14,300. This amount was withheld from the amount paid over to the district when distribution was made by the county treasurer. In April 1973 the District filed its petition for a writ of mandamus. In October 1973 the writ was issued, following which the county appealed.

The issue before us is whether article VII, section 9(a) of the Illinois Constitution of 1970 precludes a county from charging a school district for the costs of assessment, extension and collection of taxes levied by the district.

Article VII, section 9(a) of the Constitution of 1970 provides: "Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes."

As we understand this constitutional provision, it means that fees not based upon funds disbursed or collected and not based upon the levy or extension of taxes may be collected, providing they are collected according to a law or ordinance, deposited with the treasurer of the unit, and are not used to pay corporate officers or employees or to pay office expenses.

In the case before us, fees were based upon funds "disbursed or collected" and upon "the levy or extension of taxes." In view of the plain language of the Constitution and of the many actions preceding the present one in which school districts have under similar circumstances been granted mandamus, we have no hesitancy in affirming the judgment of the circuit court. However, we will answer the arguments advanced by the county.

■■ First, we would point to one inconsistency in defendants' argument. While on the one hand it criticizes the drafters of article VII, section 9(a) of the Constitution of 1970 for approving a provision which threatens "the very life and existence of the county government and its officers," it on the other hand maintains that this article does not apply to the withholding of costs in Pulaski County because the county itself, rather than an officer of the county, imposed the charge against the levy. Not only do we find the argument inconsistent, but we fail to find any language in section 9(a) which even intimates that the distinction urged by appellants can be made.

■■ While defendants agree that sections 18 and 21 of the Fees and Salaries Act (Ill. Rev. Stat. 1971, ch. 53, pars. 35, 39), permitting the withholding of stated amounts for computing and extending and collecting taxes have been rendered void by the Constitution of 1970, article

VII, section 9(a), they argue that since the county did not use the methods prescribed in these sections it was operating within constitutional bounds. The question is not whether the county used the formulae contained in sections 18 and 21 but whether it imposed any fees "based upon funds disbursed or collected" or "upon the levy or extension of taxes." We find that it did.

Defendants argue that the drafters of section 9(a) of article VII of the Constitution of 1970 were confused and that a perusal of convention committee hearings might disclose that it was not the intent of the drafters to prevent Pulaski County from doing what it did. We have reviewed the excerpts from convention proceedings and fail to find the confusion suggested by defendants. On the contrary, it seems clear that it was the intent of the drafters to prohibit the type of fee collection attempted by Pulaski County and to give school districts and other local units of government the full amount of the tax revenue requested by them. It is not for us to say that the policy of having all county taxpayers support the costs of county governmental functions rather than having these costs paid in part by local governmental units which receive service from the county is either good or bad. If the policy is undesirable, then the proper route for correction is to seek an amendment to the Constitution. If the policy is firm and solutions are needed to solve the county's revenue problem, then the legislature and the counties themselves must seek them. There is, for example, legislation permitting small counties to consolidate; and the legislature could increase the tax limits for counties.

The legislature has attempted to answer the problem by adding section 21(a) to the Fees and Salaries Act (Ill. Rev. Stat., 1974 Supp., ch. 53, par. 39(a)), effective October 1, 1974, which would permit a county to do what Pulaski County did. However, this law was not in effect at the time the issue in the instant case arose and we express no opinion as to its constitutionality.

The county argues that it did not impose a "fee" but "charges for services rendered based on the computed cost of such service." Rather than making a distinction we feel that defendants have given but one acceptable definition of a fee.

Defendants intimate that since the state supports local educational units in a substantial manner they should be able to pay the county for collecting their local revenue. Obviously this does not present a legal issue but rather a question of policy to be determined by the legislature.

Finally, we consider the argument of defendants that mandamus was not a proper action because a mere claim of "unconstitutional" with regard to an act of a county officer is inadequate to fulfill the stringent requirements demanded for mandamus. Defendants cite 26 I.L.P. *Man-*

*damus* §§ 2, 32 (1956), as authority for their statement that mandamus is a summary, expeditious and drastic common-law writ of an extraordinary character; the seeker must show a clear right to the writ; it will not be issued in doubtful cases; mandamus lies to compel the doing of what ought to be done, and not to undo what ought not to have been done; and mandamus will not lie to compel an officer to undo an act as performed, and to perform it in another manner. Defendants cite *Hiawatha Community Unit School District No. 426 v. Skinner*, 32 Ill.App.2d 187, 177 N.E.2d 15, and *People ex rel. Sanitary District v. Schlaeger*, 391 Ill. 314, 63 N.E.2d 382, in support of their contention. We do not find these cases in point. In *Hiawatha* the petition was to compel the county clerk to extend a levy on certain lands subsequently deleted from the taxing unit. He levied on land described in a map supplied to him by the county superintendent of schools. This discharged his duty the court said, so obviously mandamus would not lie against him. In *Sanitary District* the question was not whether mandamus was an appropriate action to bring but whether it should be issued.

■■ A writ of mandamus should be awarded only in the exercise of sound judicial discretion and only where the plaintiff has established a clear right to this extraordinary remedy. (*White v. Board of Appeals*, 45 Ill.2d 378, 259 N.E.2d 51.) We consider that the plaintiff has demonstrated its clear entitlement to the writ under the dictates of the constitutional provision discussed, and the trial court did not abuse its discretion in ordering the writ to issue.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.