CENTURY COMMUNITY UNIT SCHOOL DISTRICT NO. 100, Petitioner-Appellee, *v.* RUTH McCLELLAN, Treasurer and Ex-Officio Tax Collector of Pulaski County, *et al.*, Respondents-Appellants.

Fifth District    No. 76-91

Opinion filed December 2, 1976.

Byron L. Connell, State's Attorney, of Mound City, for appellants.

James W. Sanders, of Marion, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The treasurer and other officials of Pulaski County appeal from a decision of the circuit court of that county granting a writ of mandamus to Century Community Unit School District No. 100, compelling the county to pay $14,908.40 to the District which was allegedly withheld from the District to cover the cost of assessment, extension and collection of the District's taxes by the county.

Defendants question the propriety of the trial court's order in favor of the petitioner before the defendants were allowed to introduce evidence and also contend, in alternative arguments, that provisions of the 1970 Constitution of Illinois should not preclude a county from adding a service charge, "similar to a tax," to levies it receives from school districts.

We note that these parties have once before been involved in nearly identical proceedings. (*Century Community Unit School District No. 100 v. McClellan,* 27 Ill. App. 3d 255, 327 N.E.2d 32.) Without repeating the

facts of that case, we merely note that the present litigation stems from the same basic controversy. However, in this case defendants claim that the amount they have been compelled to pay is not a cost of assessment deducted from the tax levy filed by the school district, as in the previous case, but a "service charge factor, similar to a tax" added to the school district levy in order to defray the county's cost in the extension, computation, and collection of taxes for the school district during the period of July 1, 1973, to June 30, 1974. In effect, defendants argue that there has been no decrease in the school tax levy, for the school district has received the amount of money which its tax levy requested. Thus, $.25 was added to the $3.15 per $100 levy the county received from the school district, the $.25 representing the county's estimated expenses.

During the pendency of this appeal, the Supreme Court of Illinois decided the case of *City of Joliet v. Bosworth,* 64 Ill. 2d 516, 356 N.E.2d 543. In that case section 21a of "An Act concerning fees and salaries, and to classify the several counties of this state with reference thereto" (Ill. Rev. Stat., 1974 Supp., ch. 53, par. 39a) was held unconstitutional as violative of section 9(a) of article VII of the 1970 Constitution of Illinois. That statute allowed counties to bill each taxing district within the county for its proportionate share of the actual cost incurred by the county in extending and collecting taxes on behalf of the taxing district. In reaching its conclusion, the Supreme Court extensively reviewed the pertinent sections of the transcripts of the Sixth Illinois Constitutional Convention and made the following unequivocal statement:

> "The debates upon the purpose of this third sentence of section 9(a) in our opinion clearly indicate the intent to preclude counties from seeking, in any form, reimbursement from the various taxing bodies for county services rendered in the collection of taxes." (64 Ill. 2d 516, 524.)

While that holding clearly prohibits *reimbursement* from taxing bodies within a county, it does not speak directly to the question presented in the instant case—whether the county can validly withhold those revenues derived from an increase in the tax levy submitted by a certain district and if not, whether that taxing district is entitled to those proceeds.

■■■ We agree with the defendants that the trial court's summary disposition of this case was improper. A writ of mandamus is an extraordinary remedy which should be awarded only in the exercise of sound judicial discretion and only where the petitioner has established a clear right to its use. (*White v. Board of Appeals,* 45 Ill. 2d 378, 259 N.E.2d 51.) At the close of petitioner's case the trial court granted petitioner's motion for issuance of a writ of mandamus, thereby depriving the defendants of an opportunity to establish facts which may very well have directly affected petitioner's right to relief. Defendant sought to prove

that petitioner received the full amount of the tax levy it requested and that the sums withheld represented an increased tax charged to the taxpayers by defendant as a means of offsetting the defendants' expenses. While we cannot say from this limited record that proof of these allegations would defeat a writ of mandamus in this case, it would certainly seem relevant to petitioner's right to recovery, for such evidence not only relates to an essential element of a writ of mandamus, but also extends to a petitioner's standing to sue. In short, we are unable to say that the proof offered by petitioner foreclosed all factual issues or negated all possible theories of defense which defendants could have developed.

Upon the remand of these proceedings, the trial court may very well find that the defendants were without authority to increase the levy of petitioners or that the defendants cannot validly withhold revenues as they have done in this case. We specifically do not pass on the merits of this question since the procedural deficiencies in the trial court did not allow the development of a sufficient factual basis for an informed decision.

For the foregoing reasons, we reverse the judgment of the circuit court of Pulaski County and remand this case for proceedings consistent with the views expressed herein.

Reversed and remanded.

EBERSPACHER and CARTER, JJ., concur.