HARRY E. DeBRUYN *et al.*, Plaintiff-Appellant, *v.* RICHARD J. ELROD *et al.*, Defendant-Appellees and Cross-Appellants.

First District (5th Division)  No. 82—82

Opinion filed October 28, 1983.—Rehearing denied February 28, 1984.

Block, Levy & Becker, of Chicago (Alvin R. Becker and Harry A. Young, Jr., of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Joann Tansey, and James F. Henry, Assistant State's Attorneys, of counsel), for appellees.

PRESIDING JUSTICE WILSON delivered the opinion of the court:

This action is an appeal of attorney fees awarded by the trial court in a class action suit which successfully challenged an Illinois statute which entitled the sheriff of Cook County to a commission on mortgage foreclosure sales. Ill. Rev. Stat. 1977, ch. 53, par. 71.

On February 3, 1981, the Illinois Supreme Court ruled that the statute was unconstitutional. The court also defined the class of plaintiffs as those persons who (1) paid fees on and after December 1, 1971, the effective date of the relevant section of the 1970 Illinois Constitution; (2) paid fees in connection with mortgage foreclosure proceedings on which orders of sale and distribution were approved subsequent to July 10, 1979; (3) have not been reimbursed by redemption; and (4) suffered the burden of the illegal fee. The court further ruled that plaintiffs were entitled to an accounting of the illegal fees involuntarily paid from and after December 1971. *DeBruyn v. Elrod* (1981), 84 Ill. 2d 128, 418 N.E.2d 413.

On May 19, 1981, a joint accounting was submitted by both sides stating that $339,176.75 in fees, redemptions and levies had been paid and that $101,729.75 of this amount held in a protest fund which had been established by a court injunction dated July 10, 1979.

On June 2, 1981, a consent order was entered wherein the court approved individual notice and newspaper publication to class members as well as a refund. The court also authorized the filing of fee petitions by the attorneys for the plaintiff class.

Class members filed claims totaling $63,550.35. Alvin R. Becker, one of the attorneys for the class, requested compensation for 522.50 hours at a rate of $125 to $150 per hour, with varying multipliers. At $125 per hour, compensation would be $143,000; at $150 per hour this amount would be $171,000. Plaintiffs' attorney, Harry A. Young, requested the same hourly rate and multiplier for 100.25 hours of service. The court-appointed trustee also filed an application for fees in

the amount of $6,505.25 and costs of $22.75.

Defendants filed objections to the attorney fee applications and argued that a multiplier of three applied to Becker's minimum fee of $125 per hour for 522.50 hours would exhaust the protest fund. Defendants further argued that because DeBruyn did not intervene until March 23, 1979, any request for fees prior to that date should be denied. Defendants also alleged that Young's fee request may represent services performed by Becker. Defendants did not object to the trustee's application for fees.

On December 17, 1981, the court entered a memorandum opinion and found, *inter alia*, that (1) the illegal fees collected pursuant to the joint accounting was $339,176.76 of which $106,141.97 was sequestered in a protest fund; (2) the class was benefitted in the amount of $339,176.76; and (3) the amount of the refund to the class and payment of attorney fees and costs was limited to the amount in the protest fund. The court awarded Becker $52,250 for 522.50 hours of service and Young $10,000 for 100 hours. Becker then filed a motion, which was granted, whereupon the court modified its order to include an award for reimbursement of his costs in the amount of $1,482.57. The trustee was directed to invest the funds in his possession at interest. The court also ordered a *pro rata* distribution to class members.

On January 11, 1982, DeBruyn, individually and as class representative, Becker and Young filed a notice of appeal. Defendants cross-appealed, alleging that the court's award of $62,250 in fees was excessive.

OPINION

We first consider plaintiffs' contention that the award of fees should not be limited to the proceeds in the protest fund but rather the total amount collected by defendants under the statute should be available for this purpose.

■ Where an action is against a governmental body for the recovery of public funds, the creation of a fund of money under the control of the court has traditionally been a prerequisite to a fee award. (*City of East Peoria v. Tazewell County* (1974), 17 Ill. App. 3d 943, 945-46, 308 N.E.2d 824; *Rosemont Building Supply, Inc. v. Illinois Highway Trust Authority* (1972), 51 Ill. 2d 126, 130, 281 N.E.2d 338.) The "common fund" or "common benefit" doctrine allows a party who has conferred a benefit on another through litigation to recover a share of attorney fees from those who benefit. In order for attorney fees, costs and expenses to be awarded, therefore, a fund must have been brought within the control of the court. (*Hamer v. Kirk* (1976),

64 Ill. 2d 434, 442, 356 N.E.2d 524; *Hoffman v. Lehnhausen* (1971), 48 Ill. 2d 323, 329-30, 269 N.E.2d 465.) The amount of fees in such cases and the correct rate at which an attorney is to be compensated rests primarily in the sound discretion of the trial court. Its award will not be disturbed unless a clear abuse of discretion has been demonstrated. (*Leader v. Cullerton* (1976), 62 Ill. 2d 483, 488, 343 N.E.2d 897; *Flynn v. Kucharski* (1973), 16 Ill. App. 3d 624, 631-32, 306 N.E.2d 726.) Underlying this rule is recognition that a trial judge is in a vastly superior position than the reviewing court to determine what is just and reasonable and will properly compensate the attorney because he has participated in the original action from which the question of fees arises. (16 Ill. App. 3d 624, 631.) In the absence of a common fund, a plaintiff's attorney is not entitled to fees merely because he has conferred a benefit upon members of a class. *Hamer v. Kirk* (1976), 64 Ill. 2d 434, 442, 356 N.E.2d 524.

■ Courts and attorneys, in calculating fees in class actions, have emphasized that the benefit to the class, whether monetary or non-monetary or both, is of major importance in determining the amount to be awarded. (*Lurie v. Canadian Javelin Ltd.* (1982), 93 Ill. 2d 231, 238, 443 N.E.2d 592.) Other factors to be considered include the amount of time expended by the attorneys and in what manner the time was expended as well as the magnitude and complexity of the action. (*Fiorito v. Jones* (1978), 72 Ill. 2d 73, 89-90, 377 N.E.2d 1019.) When the court has determined the number of hours which benefit the class, it must then value the services by fixing a reasonable hourly rate for each attorney. These rates may differ according to the categories of services performed. (72 Ill. 2d 73, 90-91.) The appropriate hourly rates are then multiplied by the hours expended. The product of this multiplication is the lodestar computation, which may be increased by a weighted multiplier commensurate with the value which the court attributes to the contingent nature of the undertaking and the benefits conferred upon the class.

Turning now to the facts of the instant case, Becker initially requested hourly compensation in the amount of $125 to $150 for 522.50 hours, which would result in a figure between $143,000 and $171,000. Young requested compensation for 100 hours' work. Both requested a weighted multiplier for the proceedings before the circuit, appellate and supreme court. Their request was subsequently changed and on appeal, Becker and Young only challenge the court's failure to apply a weighted multiplier to the lodestar computation. They do not contest the hourly rate of $100 per hour.

■ Our review of the record convinces us that the lodestar com-

putation for the services performed as determined by the trial court was correct. As previously stated, attorney fees were properly limited to the amount of money in the protest fund, which totaled $106,141.97. At $100 per hour for both attorneys, Becker's remuneration of $52,250 came to slightly less than half of this amount. Young was awarded $10,000, for a total of $62,250. The trustee's services were also valued at $100 an hour for 66.4 hours' work. He was awarded $6,505.25 plus $22.75 in costs. The court held that the balance in the fund was to be distributed *pro rata* to the members of the class. Based on the facts of this case, we cannot say that this award was an abuse of discretion. In our judgment, the basic rate of $100 per hour is appropriate and is not so low as to discourage participation in such cases by qualified counsel. Although the basic issue concerned the important question of the constitutionality of a State statute, the case was neither novel nor factually complex. Two prior suits addressing the same issue and seeking substantially similar relief had been filed by three banks. On defendants' motions, the counts pertaining to the banks were dismissed on the ground that they lacked standing to bring the action; the resulting litigation before the trial court was not particularly complicated. According to the attorneys' time schedules, the majority of their court appearances were for hearings on various motions and orders. Also, the contingency factor (the probability of success at the time an action is filed (*Fiorito v. Jones* (1978), 72 Ill. 2d 73, 91, 377 N.E.2d 1019)) was not high. Several suits involving the validity of fees collected by local government officials pursuant to article VII, section 9(a) of the 1970 Illinois Constitution had already been decided. In each case, the constitutionality of a statute involving fee collections was successfully challenged. *Saltiel v. Olsen* (1979), 77 Ill. 2d 23, 394 N.E.2d 1197; *Goldstein v. Rosewell* (1976), 65 Ill. 2d 325, 357 N.E.2d 1157; *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, 356 N.E.2d 543; *Century Community Unit School District No. 100 v. McClellan* (1975), 27 Ill. App. 3d 255, 327 N.E.2d 32.

■ Additionally, the record reveals that the trial court was well aware of the fact that class members who did not exercise their right to reimbursement nonetheless received a benefit by virtue of their right to share the harvest of the lawsuit. (*Boeing Co. v. Van Gemert* (1980), 444 U.S. 472, 480, 62 L. Ed. 2d 676, 683, 100 S. Ct. 745, 750.) The court correctly ruled, however, that the fees could only be subtracted from the protest fund and that the benefit to the class was one of many factors, albeit an important one, to consider in calculating this sum. We are cognizant of the fact that in some instances

money judgments have been accorded common fund treatment in awarding fees (*Union Central Life Insurance Co. v. Hamilton Steel Products, Inc.* (7th Cir. 1974), 493 F.2d 76), but in the instant case there was merely a stipulated accounting of the illegal fees paid under the statute. This amount was subsequently held to comprise the monetary benefit to the class. It was not a judgment award.

Based on the interrelationship of the factors discussed herein, we therefore find that the trial court's lodestar computation and award of fees and costs from the protest fund was proper. For these reasons, it is unnecessary to consider the contentions advanced in defendants' cross-appeal. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.