INDEPENDENT VOTERS OF ILLINOIS *et al.*, Petitioners, v. THE ILLINOIS COMMERCE COMMISSION *et al.*, Respondents.—INDEPENDENT VOTERS OF ILLINOIS *et al.*, Petitioners-Appellants, v. THE ILLINOIS COMMERCE COMMISSION *et al.*, Respondents-Appellees.

Second District   Nos. 2—88—0900, 2—88—1275 cons.

Opinion filed October 5, 1989.

Aram A. Hartunian and Robert M. Weissbourd, both of Hartunian, Futterman & Howard, Chartered, of Chicago (James G. Bradtke, of counsel), for petitioners.

Neil F. Hartigan, Attorney General, of Springfield, and James E. Weg-.

ing, of Illinois Commerce Commission, of Chicago (John P. Kelliher, Special Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Commerce Commission.

L. Bow Pritchett, of Illinois Bell Telephone Company, of Chicago (Robert G. Guritz, of counsel), for respondent Illinois Bell Telephone Company.

JUSTICE REINHARD delivered the opinion of the court:

Independent Voters of Illinois and its attorneys (IVI) appeal directly from an order of the Illinois Commerce Commission (Commission) denying its petition seeking attorney fees under the common-fund doctrine to be awarded from monies ordered refunded to customers of Illinois Bell Telephone Company (Bell). IVI separately appeals from the judgment of the circuit court of Kane County affirming the Commission's order and denying an "independent petition for fees."

The following issues are presented on appeal: (1) whether the circuit court had jurisdiction to hear the appeal from the Commission's order; (2) whether the mandate of the Illinois Supreme Court in a prior appeal in this case precludes an award of attorney fees under the common-fund doctrine; (3) whether the Commission or a court reviewing an order of the Commission has authority to award fees; and (4) whether the amount of fees IVI seeks is reasonable.

This appeal follows several prior appeals arising from a challenge by IVI to an order of the Commission issued in 1971 setting rates for Bell. The facts pertaining to the initial stages of this litigation are set forth in detail in the most recent supreme court opinion in this case, *Independent Voters of Illinois v. Illinois Commerce Comm'n* (1987), 117 Ill. 2d 90, 510 N.E.2d 850. At the conclusion of that appeal the supreme court ordered Bell to refund to its customers amounts improperly collected under the rate order in question, which had been reversed in a prior appeal, during the period following the reversal, but prior to the effective date of a superseding rate order.

The court stated:

"The refunds ordered here should be comprised of the difference between the original rates set in the 1971 rate order and the rates that would have been charged if they had been set in accordance with the views expressed in the previous decision for the period between reversal by this court and the effective date of the new rate order." (*Independent Voters of Illinois*,

117 Ill. 2d at 105, 510 N.E.2d at 858.)

The court remanded the cause to the Commission "with directions to order Bell to provide refunds or credits in accordance with the views expressed [in the opinion]." 117 Ill. 2d at 106, 510 N.E.2d at 858.

On remand to the Commission, IVI and Bell proposed an agreed order providing for a refund of $1,265,597 via credits on customers' bills. Bell and IVI reserved the issue of IVI's entitlement to an award of attorney fees, if any, from the refund pool. IVI thereafter filed a petition for an award of attorney fees.

On July 20, 1988, the Commission entered an order requiring Bell to provide credits to its residence and business local exchange customers in the amount of $1,266,000. The order denied IVI's request for attorney fees and costs on the grounds that the Commission was without authority to award fees and costs, and that such an award was precluded by the supreme court's mandate. On August 17, 1988, the Commission denied motions by IVI for rehearing and for a partial stay of the order of July 20.

IVI filed notices of appeal both to this court pursuant to section 10—201 of the current Public Utilities Act (Ill. Rev. Stat. 1987, ch. 111⅔, par. 10—201) and also to the circuit court of Kane County pursuant to section 68 of the prior Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111⅔, par. 72). The circuit court held that it had jurisdiction to hear the appeal in accordance with provisions of the prior act pursuant to section 4—402 of the current Act. (Ill. Rev. Stat. 1987, ch. 111⅔, par. 4—402.) The circuit court affirmed the Commission's order, finding that neither the Commission nor the circuit court had authority to award fees, and, moreover, that such an award was precluded by the supreme court's mandate. The circuit court stayed its order pending appeal.

IVI appealed to this court from the judgment of the circuit court. This appeal, No. 2—88—1275, was consolidated with IVI's direct appeal to this court, No. 2—88—0900.

■■ At the outset, we must determine the proper source of authority to review the order of the Commission denying attorney fees. IVI attempted to secure review of the order both by direct appeal to this court under the current provisions of the Public Utilities Act (Ill. Rev. Stat. 1987, ch. 111⅔, par. 10—201) and by appeal to the circuit court as provided for under the prior version of the Act (Ill. Rev. Stat. 1983, ch. 111⅔, par. 72).

IVI contended in the circuit court that pursuant to section 4—402 of the current Public Utilities Act (Act) (Ill. Rev. Stat. 1987, ch. 111⅔, par. 4—402), the prior Act governs the appeal in the instant

case. The Commission and Bell maintain that section 4—402 is inapplicable here. Section 4—402 provides, in pertinent part:

"This amendatory Act of 1985 shall not affect pending actions or proceedings, civil or criminal, in any court or other tribunal brought by or against the People of the State of Illinois or the Illinois Commerce Commission or by any other person, firm or corporation under the provisions of this Act or any other Act establishing or conferring power on the Commission, nor abate any causes of action arising thereunder, but the same may be instituted, prosecuted and defended with the same effect as though this amendatory Act had not been passed. Any investigation, hearing or proceeding, instituted or conducted by the Commission prior to the taking effect of this amendatory Act shall be conducted and continued to a final determination by the Commission with the same effect as if this amendatory Act had not been passed." (Ill. Rev. Stat. 1987, ch. 111⅔, par. 4—402.)

The current Act became effective on January 1, 1986. At that time, the most recent appeal to the supreme court was pending.

IVI maintained below that the Commission order appealed from arose from an action which was pending on January 1, 1986, and therefore, pursuant to the first sentence of section 4—402, the prior Act, rather than the current Act, governs the appeal. We disagree. The first sentence pertains to judicial proceedings. The pending judicial proceeding, the appeal to the supreme court, concluded with the issuance of the mandate remanding to the Commission. Thereafter, in our view, the transitional applicability of the current Act to the Commission proceedings on remand was governed by the following sentence, which provides that pending Commission proceedings "shall be conducted and continued to a *final determination* by the Commission with the same effect as if this amendatory Act had not been passed." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 111⅔, par. 4—402.) This language implicates only the actual Commission proceeding, allowing it to proceed to a final determination. By implication, appeals *following* a final determination, or from orders in subsequent related proceedings, as is the case here, are to be taken pursuant to the current Act. Accordingly, in No. 2—88—1275, the circuit court was without jurisdiction to hear this appeal, and its judgment is vacated.

As IVI properly perfected an appeal to this court in No. 2—88—0900, we now address the merits of its contention that the Commission erred in denying its petition for fees. Bell maintains that the Commission, in its written order, correctly found that the mandate of

the supreme court remanding the cause to the Commission precluded an award of fees pursuant to the common-fund doctrine. We agree and affirm the order.

■ The common-fund doctrine allows a party who has conferred a benefit on another through litigation to recover a share of attorney fees from those who benefit. (*DeBruyn v. Elrod* (1983), 121 Ill. App. 3d 290, 292, 459 N.E.2d 971.) In order for attorney fees, costs and expenses to be awarded, a fund must have been brought within the control of the court. (*Hamer v. Kirk* (1976), 64 Ill. 2d 434, 441, 356 N.E.2d 524; *DeBruyn*, 121 Ill. App. 3d at 292, 459 N.E.2d at 973.) The common-fund doctrine is based on the equitable concept that an attorney who performs services in creating a fund should in equity and good conscience be allowed compensation out of the whole fund from those who seek to benefit from it. *Baier v. State Farm Insurance Co.* (1977), 66 Ill. 2d 119, 124, 361 N.E.2d 1100; *Domenella v. Domenella* (1987), 159 Ill. App. 3d 862, 867, 513 N.E.2d 17; *Tenney v. American Family Mutual Insurance Co.* (1984), 128 Ill. App. 3d 121, 122, 470 N.E.2d 6.

IVI maintains that the common-fund doctrine is applicable here since it secured the creation of the "refund pool" which benefits Bell customers, and, accordingly, attorney fees may be awarded from the refund pool. Bell responds, however, that because the supreme court instructed that the entire amount improperly collected by Bell be refunded to its customers, no portion can be diverted to satisfy an award of attorney fees.

The mandate of the supreme court provides:

"This cause is REMANDED to the Illinois Commerce Commission with directions to provide refunds or credits in accordance with the opinion attached to this mandate."

The court's opinion states:

"The refunds ordered here should be comprised of the difference between the original rates set in the 1971 rate order and the rates that would have been charged if they had been set in accordance with the views expressed in the previous decision for the period between reversal by this court and the effective date of the new rate order." *Independent Voters of Illinois*, 117 Ill. 2d at 105, 510 N.E.2d at 858.

■ Where the directions of a reviewing court are specific, a positive duty devolves upon the court to which the cause is remanded to enter an order or decree in accordance with the directions contained in the mandate. (*People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, 276, 442 N.E.2d 185; *Stuart v. Continental Illinois National*

*Bank & Trust Co.* (1979), 75 Ill. 2d 22, 28, 387 N.E.2d 312.) Precise and unambiguous directions in a mandate must be obeyed. (*Daley*, 92 Ill. 2d at 276, 442 N.E.2d at 188; *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 574, 413 N.E.2d 394.) Here, the mandate requires that the *entire* amount overpaid be returned to customers, and thus necessarily precludes deduction of attorney fees.

■ The judgment of a reviewing court is final upon all questions decided, and if the cause is remanded, only such action may be taken on remand as conforms to the judgment of the reviewing court. (*Independent Voters of Illinois*, 117 Ill. 2d at 102, 510 N.E.2d at 856; *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 305, 427 N.E.2d 563.) IVI contends, however, that the supreme court did not consider the issue of attorney fees, and hence, that issue is open for consideration on remand. (See *Pioneer Trust & Savings Bank v. Zonta* (1981), 96 Ill. App. 3d 339, 344-45, 421 N.E.2d 239.) This argument misses the mark.

■ Here, the supreme court decided the question of the proper disposition of the amounts improperly collected by Bell. Whether or not the supreme court considered the issue of attorney fees, its judgment is no less conclusive as to the proper disposition of these amounts. Because an award of attorney fees under the common-fund doctrine would be inconsistent with the disposition specified in the supreme court's mandate, fees cannot be awarded. Even following the issuance of the supreme court's opinion, IVI might have sought modification of the judgment by a petition for rehearing prior to issuance of the mandate. *Sprague v. Ticonic National Bank* (1939), 307 U.S. 161, 83 L. Ed. 1184, 59 S. Ct. 777, cited by IVI, wherein the United States Supreme Court rejected the argument that its mandate in a prior appeal in the case precluded an award of fees under the common-fund doctrine, is inapposite as the mandate in that case did not provide for the disposition of the entire common fund.

IVI protests that at the time of its appeal to the supreme court it had been unsuccessful in the circuit and appellate courts, no refund had been ordered or calculated, and hence it would have been premature to have raised the issue of fees in the supreme court. Nonetheless, if IVI anticipated seeking fees under the common-fund doctrine, it could have declared this intention and sought relief consistent with a subsequent award of fees. IVI could thus have preserved the issue of fees for later determination even if a decision on the merits in the supreme court would have been premature.

Accordingly, we hold that the award of fees and costs sought by IVI was precluded by the mandate of the supreme court, and the

Commission properly denied IVI's petition. In view of our disposition on this basis it is unnecessary to consider the remaining issues presented on appeal.

The judgment of the circuit court is vacated. The order of the Commission is affirmed.

No. 2—88—0900, Order affirmed.
No. 2—88—1275, Judgment vacated.

LINDBERG and McLAREN, JJ., concur.