(No. 44044.—

THOMAS M. FLYNN *et al.*, Appellees and Cross Appellants, *vs.* EDMUND KUCHARSKI, County Collector, *et al.*, Appellees.—(HAROLD A. AHLBECK *et al.*, Intervenors-Appellants.

*Opinion filed May 27, 1971.*

DeMunno and Spina, of Elmwood Park, (Philip J. McGuire, of counsel,) for appellants.

Samuel H. Young Professional Corporation, of Chicago, (Samuel H. Young and John D. Cummins, of counsel,) for Intervenor-appellant Mark Clayton.

Edward V. Hanrahan, State's Attorney, of Chicago, (Daniel P. Coman, Chief of the Civil Division, and Thomas E. Brannigan, Assistant State's Attorney, of counsel,) for appellees.

William J. Harte and Kevin M. Forde, both of Chicago, for appellees and cross-appellants.

Mr. Justice Kluczynski delivered the opinion of the court:

This is an appeal from the circuit court of Cook County from the order entered therein on December 21, 1970, after the remand of the cause by this court in *Flynn* v. *Kucharski,* 45 Ill.2d 211.

In order to properly assay the issues raised, it is helpful to review the proceedings in this cause from its inception. Plaintiffs initiated the action on August 14, 1969, as a class suit, seeking a declaration that section 36.6 of the Fees and Salaries Act (Ill. Rev. Stat. 1967, ch. 53, par. 55.6) is unconstitutional insofar as it related to the commission allowed to township collectors in Cook County from taxes collected by them. The complaint in essence alleged that Chicagoans pay 100% of the levy of the County of Cook, the Forest Preserve District and Metropolitan Sanitary District, while suburbanites pay only 98% of said levies due to the deduction of a 2% commission; and that section 21 of Fees and Salaries (Ill. Rev. Stat. 1967, ch. 53, par. 39) allowing, in part, the Cook County Collector the commission of 1% of all taxes collected on behalf of incorporated

cities, villages and other municipalities, and 1½% on all taxes collected for other taxing bodies was equally unconstitutional.

On December 15, 1969, the circuit court entered a decree declaring section 36.6 of Fees and Salaries Act (Ill. Rev. Stat. 1967, ch. 53, par. 55.6) unconstitutional insofar as it related to the commission allowed to township collectors; restraining the township colectors, pending appeal, from using any of the excess taxes and their commission other than necessary for ordinary township purposes; and, further, decreed that all property taxes in Cook County should be hereafter collected by the Cook County Collector until further order of court.

On motion to expedite the appeal from the aforementioned order and for other relief, this court, on December 16, 1969, stayed the effect of that portion of the order that all property taxes in Cook County should hereafter be collected by the Cook County Collector until further order of court, and further provided: "* * * that the 2% commission to be deducted from tax collections for 1969 by the township collectors in the area of Cook County outside the City of Chicago pursuant to Ill. Rev. Stat. 1967, ch. 53, par 55.6 be held in trust by said township collectors pending final disposition of this appeal."

On March 17, 1970, we held section 36.6 of the Fees and Salaries Act (Ill. Rev. Stat. 1967, ch. 53, par. 55.6), insofar as it related to the commissions of township collectors in Cook County, to be unconstitutional as a violation of the requirement of uniformity of taxation, and remanded the cause to the circuit court for further proceedings. Defendants' petition for rehearing was denied on May 26, 1970.

Prior to this decision, Edmund J. Kucharski filed a motion to permit the township collectors in Cook County to deduct expenses they incur in the collection of taxes and their salary compensation as township collectors from the

2% commission deducted from the collections of the 1969 taxes, which this court denied on March 18, 1970.

On December 21, 1970, upon remand and pursuant to the petitions of the plaintiffs and various defendants seeking distribution of the excess commissions derived from the collection of taxes in townships, the court ordered that all funds which were in the possession or control of the townships or their officers on December 15, 1969, shall be disbursed to the trustee, American National Bank & Trust Co., appointed previously to receive such funds; that all funds actually expended by the townships prior to December 15, 1969, shall not be disbursed to said trustee; that upon the approval of the trustee's report the court shall entertain petitions for fees and costs and, after the deduction thereof, all funds in the possession or control of the trustee shall be disbursed to the County Collector of Cook County and deposited in the corporate fund of Cook County; and, in view of the fact that all taxpayers of Cook County are now treated identically with respect to the method of the collection of taxes, the reasonableness of the rate of commission charged by the Cook County Collector, or any disparity in said rate, need not and is not considered. The township defendants appealed and the plaintiffs cross-appealed from the aforementioned order.

The issues presented are the validity of the order as it pertains to: (1) declaring the application and effect of the decree of unconstitutionality as of the date of the original decree in the circuit court of Cook County on December 15, 1969; (2) depositing all excess commissions into the Cook County treasury; (3) permitting the Cook County Collector to make all further collections of taxes in Cook County; and, in addition, (4) whether the rate of commissions charged by the Cook County Collector to municipalities, villages and cities as opposed to that charged by other taxing bodies was or is unreasonable.

Initially, the townships argue that while section 36.6

had been declared unconstitutional (*Flynn* v. *Kucharski,* 45 Ill.2d 211), the effect of said declaration should be applied prospectively only, for otherwise it imposes an unconscionable burden on the townships, which had relied on the validity of said provision for nearly 100 years. In addition, one township defendant argued that the cut-off date of December 15, 1969, creates a disparity among the townships in that it rewards those that did or were required to disburse all funds collected in 1969 prior to said date. Conversely, the plaintiffs argue that because the units of local government in the City of Chicago and County of Cook have been damaged in 1969 and for many years preceding, the minimum relief required should be the restitution of all commissions collected in 1969.

This is an action seeking equitable relief, and as such, the court is endowed with broad discretion to grant such relief as equity may require. (*City of Aurora ex rel. Egan v. Young Men's Christian Association,* 9 Ill.2d 286; *Shatz v. Paul,* 7 Ill. App. 2d 223.) It should be remembered that this is an action affecting county municipalities and units of local government pertaining to the application and division of tax revenue. This is not a situation in which a fixed pecuniary harm has befallen an ascertained individual.

The court, in exercising its discretionary powers, properly found that the interest of all concerned would best be served by not imposing a burden predating the decree of unconstitutionality on the townships, and conversely that they should not be rewarded by the retention of monies unconstitutionally accumulated on said date. And further, we feel that even if exact numerical equality is not achieved by his decree, as the parties contend, said decree approaches equality in a greater degree than either of the alternatives propounded by them. We thus hold that the selection of December 15, 1969, as the date of impact is equitable and does not create any invidious discrimination.

Secondly, the townships argue that all funds, represent-

ing excess commissions, should be returned to the townships in order that they may perform their functions. While, conversely, the plaintiffs argue that all funds held in trust should be applied for the sole benefit of the taxpayers of the city of Chicago by applying said funds to taxing units solely within that jurisdictional territory. Plaintiffs predicate said argument on the fact that they have been deprived of the benefit of these commissions for many years.

In order to create equality where disparity exists, we can not sanction the repayment of these funds to the townships for it would in effect create a nullity of our prior decision and orders. Conversely, the application of said funds solely to taxing units within the city of Chicago would unduly benefit the plaintiffs and discriminate against suburban taxpayers.

Since all commissions received by the Cook County Collector derived from taxes within the city of Chicago are paid into the County Corporate Fund, we find that the court properly ordered the excess funds derived from the suburban collections to be deposited in the Corporate Fund. In that manner all collections from taxes will be utilized for the benefit of all the citizens of the County of Cook.

The townships further argue that that portion of the order which gives the Cook County Collector the authority to collect all taxes within the entire county is erroneous because it in effect abolished the office of the township collector contrary to accepted law. It should be remembered that in rendering our decision of March 17, 1970, and then on March 18, 1970, denying to the township collectors the use of any of the funds collected for salaries or expenses, we declared the total invalidity of the commission provision of section 36.6 of the Fees and Salaries Act (Ill. Rev. Stat. 1967, ch. 53, par. 55.6). Therefore even though there are no funds available for the payment of salaries or expenses the collectors continue to exist as *de jure* officers. At all

times pertinent, suburban residents were permitted to pay their taxes directly to the Cook County Collector. Thus, he was a proper person to assume the burden of the collection of past or present taxes in view of the practical inability of the township collectors to so act.

Finally, plaintiffs contend that the rate of commissions charged by the Cook County Collector to municipalities, villages and cities, as opposed to that rate charged to other taxing bodies, is unconstitutional and further that the amount of commissions collected bears no relationship to the cost of collection. In our previous decision we stated: "Many of the issues raised by this count have not yet been disposed of in the trial court. In this opinion we are concerned only with the validity of the statute insofar as it permits certain taxpayers within Cook County to determine, by paying their taxes to one collection official rather than another, what governmental unit shall receive those taxes. The circuit court enjoined the township collectors from further collection of taxes by requiring that 'All property taxes in Cook County shall hereafter be collected by the Cook County Collector until further order of this court.' The court expressed no opinion as to whether the statutory commissions are confiscatory and illegal 'insofar as they bear no relationship to the services rendered.' " (45 Ill.2d at 217.) Thus the issue was not resolved by us in our previous decision and should have been considered by the trial court upon remandment.

For the foregoing reasons, the decision of the circuit court of Cook County is affirmed in part and reversed in part and remanded.

*Affirmed in part, and reversed in part and remanded.*