(No. 57184.— ▮▮▮▮▮▮▮)

THE BOARD OF COMMISSIONERS OF THE WOOD DALE PUBLIC LIBRARY DISTRICT *et al.*, Appellees, v. THE COUNTY OF DU PAGE *et al.*, Appellants.

*Opinion filed May 27, 1983.*

Samuelson, Knickerbocker & Schirott, of Des Plaines, and James R. Schirott and John T. Elsner, of Schirott & Elsner, of Itasca, for appellants.

Barry L. Moss and George A. Marchetti, of Moss and

Bloomberg, Ltd., of Bolingbrook, for appellees.

Botti, Marinaccio & Maksym, Ltd., of Oak Brook (Aldo E. Botti and Walter P. Maksym, Jr., of counsel), for *amicus curiae* Urban Counties Council of Illinois.

Nathan M. Cohen, Robert M. Sarnoff, Michael F. Baccash, and Leonard Saphire-Bernstein, of Arvey, Hodes, Costello & Burman, of Chicago, for *amicus curiae* Board of Trustees of Community College District No. 508.

Thomas W. Kelty and Frank M. Pfeifer, of Pfeifer & Kelty, P.C., James C. Craven, of James C. Craven, P.C., and Thomas F. Londrigan, of Londrigan & Potter, P.C., all of Springfield; Louis Vitullo, of Friedman & Koven, of Chicago; and Paul C. Verticchio, of Verticchio & Verticchio, of Gillespie, for *amici curiae* Illinois Municipal League *et al.*

Stanley Garber, Corporation Counsel, of Chicago (Jerome A. Siegan and Philip L. Bronstein, Assistant Corporation Counsel, of counsel), for *amicus curiae* City of Chicago.

JUSTICE GOLDENHERSH delivered the opinion of the court:

The board of library trustees of the Wood Dale Public Library District, and the library district, a municipal corporation, on its own relation and on behalf of all municipal corporations and other local governmental bodies similarly situated, filed a two-count complaint in the circuit court of Du Page County against defendants, the County of Du Page, its board of commissioners and its treasurer and *ex-officio* collector. In count I it was alleged that the county treasurer, as *ex-officio* county collector for the defendant county, collected tax monies for and on behalf of the members of the plaintiff class, invested the tax monies collected on behalf of the plaintiffs, but failed, as required by section 2 of "An Act re-

lating to certain investments of public funds by public agencies" (the Investment of Public Funds Act) (Ill. Rev. Stat. 1981, ch. 85, par. 902), to distribute the earnings on the investments of these monies. In count II it was alleged that the county treasurer's practice of retaining interest earned on the investment of funds collected for members of the plaintiff class violated section 9(a) of article VII of the 1970 Illinois Constitution. Both counts prayed for a declaratory judgment that the retention of interest by the county treasurer was improper, a permanent injunction enjoining the defendant from retaining interest earned upon funds collected for the plaintiffs, an accounting for the period "from October 1, 1972 to and including the date of the conclusion of this litigation ***," and for other relief. The defendants moved to dismiss the complaint on the ground, *inter alia*, that it did not state a cause of action. The circuit court dismissed the complaint with prejudice.

On appeal, the appellate court noted the apparent conflict between section 6.1 of "An Act concerning county treasurers ***" (the County Treasurers' Act) (Ill. Rev. Stat. 1981, ch. 36, par. 22.1) and section 2 of the Investment of Public Funds Act (Ill. Rev. Stat. 1981, ch. 85, par. 902). The court held that under the defendants' proposed construction of the County Treasurers' Act, permitting the county treasurer to retain interest earned on the investment of monies collected for other taxing districts would result in the charging of fees for the collection of those taxes, in violation of section 9(a) of article VII of the 1970 Illinois Constitution. The appellate court refused to place an unconstitutional construction on the pertinent sections of the County Treasurers' Act, and construed the statutory provisions to provide that the Investment of Public Funds Act controlled. It reversed the judgment of the circuit court and remanded the cause with directions. (107 Ill. App. 3d 409.) We

granted defendants' petition for leave to appeal. 87 Ill. 2d R. 315.

Section 6.1 of the County Treasurers' Act provides:

"All earnings accruing on any investments or deposits made by the County Treasurer whether acting as such or as County Collector, of county monies as in this Act is defined, shall be credited to and paid into the County Treasury for the benefit of the county corporate fund to be used for county purposes, except where by specific statutory provisions such earnings are directed to be credited to and paid to a particular fund." (Ill. Rev. Stat. 1981, ch. 36, par. 22.1.)

Section 1 of the Act, in pertinent part, provides:

"The term 'county moneys' shall include all moneys to whomsoever belonging, received by or in possession or control of the incumbent of the office of county treasurer when acting as such or in any other official capacity incident to his incumbency of the office of county treasurer." (Ill. Rev. Stat. 1981, ch. 36, par. 17.)

Section 2 of the Investment of Public Funds Act provides, in pertinent part:

"All earnings accruing on any investments or deposits made pursuant to the provisions of this Act shall be credited to the public agency by or for which such investments or deposits were made, except where by specific statutory provisions such earnings are directed to be credited to and paid to a particular fund." (Ill. Rev. Stat. 1981, ch. 85, par. 902.)

Section 1 of the Act provides:

"The words 'public funds', as used in this Act, mean current operating funds, special funds, interest and sinking funds, and funds of any kind or character belonging to or in the custody of any public agency." Ill. Rev. Stat. 1981, ch. 85, par. 901.

Article VII, section 9(a), of the Illinois Constitution provides:

"(a) Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as pro-

vided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes." Ill. Const. 1970, art. VII, sec. 9(a).

In its well-reasoned opinion the appellate court held that the statutes are *in pari materia* and that "it is difficult to reconcile them by familiar rules of statutory construction" (107 Ill. App. 3d 409, 411); that the retention by the county collector of the interest earned by the deposited funds "is functionally a charge based upon the levy and disbursement of taxes" (107 Ill. App. 3d 409, 415); and that it was the intent of the framers that article VII, section 9(a), proscribe the retention of those earnings (107 Ill. App. 3d 409, 416). The appellate court concluded that to hold that section 6.1 of the County Treasurers' Act included the interest earned on funds owned by other units of local government would render it unconstitutional. We agree.

Defendants contend that tax monies collected by the county collector, but undistributed, fall within two separate statutory definitions. They are, defendants contend, county monies within the contemplation of section 1 of the County Treasurers' Act, but while they remain undistributed, they are also "public funds" within the definition of section 1 of the Investment of Public Funds Act. They argue that section 2 of the Investment of Public Funds Act has application only when the county treasurer, *ex-officio* collector, does not otherwise "have authority to invest such funds" and that "by its very terms" section 2 does not apply to collected but undistributed funds held by the collector up to 30 days after the due date of the taxes.

Defendants also cite the amendment to section 280 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 761), which became effective on November 12, 1981, and provides:

"In counties with a population of less than 3,000,000, the

county collector shall within 30 days after due date and at 30-day intervals thereafter, pay over to the other proper authorities or persons the amounts in his hands and payable to them as taxes, not theretofore paid over. Taxes collected in counties with a population of less than 3,000,000 and not distributed to other proper authorities shall be invested in accordance with the provisions of Section 1 of 'An Act in relation to the deposit of public funds', approved July 16, 1963, as heretofore or hereafter amended, and the interest accrued on monies held by the county collectors in excess of 30 days after the due date and the succeeding 30 day intervals thereafter, shall be distributed along with the principal amount of taxes."

Reading these enactments *in pari materia* defendants contend that interest earned up to 30 days after the due date of the taxes is to be retained by the county collector while interest on funds retained for a period of more than 30 days after the due date of the taxes is to be distributed along with principal to the units of local government on whose behalf the investments were made.

In the posture in which this matter comes before us, the only issue presented is whether the complaint stated a cause of action, and, for the reasons stated, we agree with the appellate court that it did. We need not and do not reach the question of the standing of the plaintiff district, as a municipal corporation, to attack the constitutionality of the statute. The cause of action seeks a declaratory judgment that section 2 of the Investment of Public Funds Act rather than section 6.1 of the County Treasurer's Act controls the question of entitlement to the interest earned on investments of tax funds collected by the county collector and undistributed. Unquestionably, plaintiff had standing to seek a determination of that issue, and because incidental to the determination of the question presented it became necessary to consider the validity of a statute in the event it were given a particular construction, plaintiff was not divested of the requisite standing.

We do not reach the question whether the provision of

section 280 of the Revenue Act of 1939 is applicable and, if so, its effect on plaintiffs' cause of action. The amendment to section 280 became effective subsequent to the order of dismissal entered in the circuit court, and that court had no opportunity to consider its effect, if any, on the issues presented.

For the reasons stated the judgment of the appellate court is affirmed and the cause is remanded to the circuit court of Du Page County for further proceedings consistent with this opinion.

*Affirmed and remanded.*

JUSTICE MORAN took no part in the consideration or decision of this case.