JUSTICE LINDBERG
 

 delivered the opinion of the court:
 

 This is the second appeal in a public library district’s action challenging a county’s practice of retaining the interest earned on the district’s tax revenues collected on its behalf by the county. In the first appeal, we held that that practice was unconstitutional (107 Ill. App. 3d 409, 437 N.E.2d 923) and our supreme court affirmed (96 Ill. 2d 378). That decision compels us now to reverse the trial court’s entry of summary judgment in favor of the county.
 

 The County Treasurer of Du Page County, as ex-officio county collector for the county, collects tax moneys for and on behalf of the units of local government located in the county. Since October 1, 1972, the county treasurer has invested those tax moneys and earned interest on the investment. He has not, however, distributed the interest moneys to the units of local government, but rather deposited the interest moneys in the county corporate fund.
 

 In the first appeal of this cause (hereinafter Wood Dale I), the issue was whether plaintiffs, the Board of Commissioners of the Wood Dale Public Library District and the Wood Dale Public Library District (hereinafter the district) had stated a cause of action against the following defendants: the County of Du Page; the Board of Commissioners of the County of Du Page; and John Lotus Novak, County Treasurer of Du Page County (hereinafter the county). The district had brought the action on its own relation and purportedly on behalf of all units of local government in Du Page County. The complaint, which the Du Page County circuit court had dismissed, contained two counts. Count I alleged that the county’s practice of retaining the interest earned on the district’s and others’ collected tax moneys violated section 2 of “An Act relating to certain investments of public funds by public agencies” (the Investment of Public Funds Act) (Ill. Rev. Stat. 1981, ch. 85, par. 902), and count II alleged that the county’s practice violated section 9(a) of article VII of the 1970 Illinois Constitution. The district prayed for a declaratory judgment that retention of the interest by the county was improper, a permanent injunction enjoining the county from retaining interest, and accounting for the period from October 1, 1972, to the conclusion of the litigation, and other relief. The county maintained that retention of the interest was authorized by section 6.1 of “An Act concerning county treasurers ***” (the County Treasurers’ Act) (Ill. Rev. Stat. 1981, ch. 36, par. 22.1) and was not constitutionally prohibited.
 

 This court held that the county’s practice of retaining the interest on the district’s tax revenues violates article VII, section 9(a) of the Illinois Constitution and that this conclusion militates in favor of the statutory interpretation that section 6.1 of the County Treasurers’ Act is not intended to authorize such practice. (107 Ill. App. 3d 409, 417, 437 N.E.2d 923, 930.) The supreme court agreed with this conclusion; however, that court specifically declined to reach the question of the effect of section 280 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 761) on the district’s cause of action because the relevant amendment to that section became effective subsequent to the dismissal order and was, therefore, not considered by the trial court. 96 Ill. 2d 378, 384-85.
 

 On remand, the trial court found that section 280 prospectively bars the district’s claim and that the district is not entitled to retrospective relief. On those bases, the trial court granted the county’s motion for summary judgment in its favor. The district appeals, challenging both findings of the trial court and its dismissal of the district’s motions for class certification and a preliminary injunction.
 

 EFFECT OF SECTION 280
 

 The district first contends that if section 280 is construed to permit the county’s retention of the interest earned on the district’s collected tax revenues, then the statute violates article VII, section 9(a) of the 1970 Illinois Constitution (salaries and fees clause). That part of the Constitution provides:
 

 “(a) Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds dispersed or collected, nor upon the levy or extension of taxes.” Ill. Const. 1970, art. VII, sec. 9(a).
 

 Section 280 of the Revenue Act of 1939 provides:
 

 “Sec. 280. Subject to the provisions of ‘An Act requiring certain custodians of public moneys to file and publish statements of the receipts and disbursements thereof,’ approved June 24, 1919, as heretofore or hereafter amended, and ‘An Act in relation to the preparation, publication and filing of annual accounts of certain municipalities, the payment of tax monies to treasurers of certain municipalities, and providing penalties for violations thereof,’ approved August 15, 1961, as heretofore or hereafter amended, the county collector in counties with a population of 3,000,000 or more, shall on the first day of June and the first day of each and every month thereafter, pay over to the other proper authorities or persons the amounts in his hands and payable to them as taxes, not theretofore paid over. In counties with a population of less than 3,000,000, the county collector shall within 30 days after due date and at 30-day intervals thereafter, pay over to the other proper authorities or persons the amounts in his hands and payable to them as taxes, not theretofore paid over. Taxes collected in counties with a population of less than 3,000,000 and not distributed to other proper authorities shall be invested in accordance with the provisions of Section 1 of ‘An Act in relation to the deposit of public funds,’ approved July 16, 1963, as heretofore or hereafter amended, and the interest accrued on monies held by the county collectors in excess of 30 days after the due date and the succeeding 30 day intervals thereafter, shall be distributed along with the principal amount of taxes.
 

 Any county collector who wilfully fails to pay over the amount of taxes due and payable, at the time or times required by this Section, shall be subject as a penalty for such failure to pay a sum of money equal to the interest on such amount at the rate of one-tenth of one (1) per cent per day from the time such amount becomes due and payable until the same is paid; and the sureties upon the official bond of such collector shall be liable for the payment of such penalty. The penalty in this Section provided may be recovered in a civil action against such collector and his sureties aforesaid, in the name of the People of the State of Illinois, in any court of competent jurisdiction, and the amount of the penalty, when recovered, shall be paid, in counties with a population of less than 3,000,000, to the proper authorities or persons for whom the tax was collected, and in counties with a population of 3,000,000 or more, into the county treasury.” Ill. Rev. Stat. 1981, ch. 120, par. 761.
 

 Although the appellate court and supreme court opinions in Wood Dale I did not address this particular statute, those decisions dictate our resolution of this issue in the district’s favor. That is because those decisions held that the practice by the county of retaining the interest on the district’s collected tax revenues is unconstitutional as constituting the retention of a “fee” which is “based upon funds disbursed [or] collected [or] upon the levy or extension of the taxes.” We stated that “insofar as the retention of interest in this case is in effect a charge upon units of local government *** it is proscribed by the last sentence of article VII, section 9(a).” (107 Ill. App. 3d 409, 415, 437 N.E.2d 923, 929.) Thus, if section 280 is read to authorize the retention of interest for 30 days, as the county argues it does, it is invalid as permitting an unconstitutional fee.
 

 The county argues that section 280 avoids the evils at which the constitutional provision was aimed and which this court found in section 6.1 of the County Treasurers’ Act. In Wood Dale I, this court stated:
 

 “It is clear from the constitutional debates that the evils that article VII, section 9(a) was designed to correct are the danger of deceiving the public as to county finances and the perceived inequity of the ‘skim-off’ for those paying higher taxes. This would appear to be present in the interest retention scheme of the Treasurers Act. Retaining a percentage of tax funds in interest is no different in effect from taking a portion of the principal. The fact that the county has some control over the time of distribution of the collected funds and gains by delay in distribution also illustrates the danger which the constitutional change appears designed to prevent.” 107 Ill. App. 3d 409, 416, 437 N.E.2d 923, 929.
 

 The county claims that the fact that section 280 does not create a deception of the public by a “skim-off” is demonstrated by the existence of a line item within the county’s non-corporate levy for covering the costs of extending and collecting taxes. The fact that the county has another tax levy to cover the costs of collecting taxes does not prevent the retention of interest from being viewed as a “skim-off.” The county’s argument goes to the use of the retained interest moneys, whereas the objection to the practice is aimed at the manner of the retention. Although the first sentence of the salaries and fees clause proscribes particular usage of fees, it is the final sentence of the clause, barring the practice of basing fees on the levy of taxes, which is at issue here.
 

 The county also maintains that section 280, by requiring distribution of collected taxes within 30 days, alleviates this court’s expressed concern that the county has some control over the time of distribution and gained by a delay in that distribution. However, as the district points out, the preamendment version of section 280 required distribution on the first of every month. (Ill. Rev. Stat. 1979, ch. 120, par. 761.) Thus, the county now has no less control over the time of distribution and no less advantage in delaying distribution than it did under the former statute.
 

 Most important, however, is the fact that the practice which the county seeks to continue, although now under the authority of section 280 rather than section 6.1 of the County Treasurers’ Act, is still the same. It is that practice, rather than section 6.1, of which we disapproved as “functionally a charge based upon the levy and disbursement of taxes.” 107 Ill. App. 3d 409, 415, 437 N.E.2d 923, 929.
 

 The county cites the legislative history of section 280 and urges this court to “give vent” to the legislative intent to avoid the proscription of the salaries and fees clause. The county does not suggest, however, that the legislature intended to halt the county’s practice of retaining interest earned on collected tax moneys of other public entities. While legislative history is relevant to a determination of the meaning of the statute, it cannot change a judicial determination regarding the constitutionality of a governmental practice. Since the practice here was declared unconstitutional, a legislative intent to avoid the proscription of the constitution can be of no avail where the practice remains the same.
 

 Thus, if section 280 is read as the county suggests to authorize the retention of the interest earned on the collected tax revenues of the district up to 30 days, then the statute would be unconstitutional under the salaries and fees clause and could not be a bar to the district’s action.
 

 The district secondly contends that if section 280 is construed to permit the retention of interest in this case, then the statute also violates the equal protection clauses of the Federal and State constitutions (U.S. Const., amend. XIV, sec. 1; Ill. Const. 1970, art. I, sec. 2). Having already concluded that the county’s reading of section 280 would violate the salaries and fees clause, we find it unnecessary to address a second constitutional challenge. (Haughton v. Haughton (1979), 76 Ill. 2d 439.) Suffice it to say that we have already expressed our opinion that the county’s practice at issue here appears to violate the equal protection clause by allowing counties to receive interest on their collected tax moneys while denying this benefit to other units of local government. (107 Ill. App. 3d 409, 416, 437 N.E.2d 923, 929.) The county’s argument on this appeal does not alter our opinion.
 

 While the district contends that the county’s construction of section 280 would render the statute unconstitutional, it also contends that section 280 may be construed so as not to authorize the proscribed practice of retaining interest earned on other public entities’ tax revenues. A close reading of section 280 reveals that it does not specifically authorize the county’s retention of the interest.
 

 Section 280, prior to November 12,1981, provided:
 

 “Sec. 280. Subject to the provisions of ‘An Act requiring certain custodians of public moneys to file and publish statements of the receipts and disbursements thereof,’ approved June 24, 1919, as heretofore or hereafter amended, and ‘An Act in relation to the preparation, publication and filing of annual accounts of certain municipalities, the payment of tax monies to treasurers of certain municipalities, and providing penalties for violations thereof,’ approved August 15, 1961, as heretofore or hereafter amended, the county collector shall on the first day of June and the first day of each and every month thereafter, pay over to the other proper authorities or persons the amounts in his hands and payable to them as taxes, not theretofore paid over: Provided, that in counties under township organization where no town collectors are elected, no fees or commissions shall be deducted by the county collector from taxes collected by him and heretofore authorized to be collected by town collectors, and all such taxes collected shall be paid over in full to the proper authorities or persons authorized by law to receive the same.
 

 Any county collector who wilfully fails to pay over the amount of taxes due and payable, at the time or times required by this Section, shall be subject as a penalty for such failure to pay a sum of money equal to the interest on such amount at the rate of one-tenth of one (1) per cent per day from the time such amount becomes due and payable until the same is paid; and the sureties upon the official bond of such collector shall be liable for the payment of such penalty. The penalty in this Section provided may be recovered in a civil action against such collector and his sureties aforesaid, in the name of the People of the State of Illinois, in any court of competent jurisdiction, and the amount of the penalty, when recovered, shall be paid into the county treasury.” Ill. Rev. Stat. 1979, ch. 120, par. 761.
 

 When compared to the amended section 280, it becomes apparent that certain changes are provided for the distribution of collected tax revenues in counties with a population of less than 3,000,000. Instead of distribution the first of every month, distribution is to be “within 30 days after due date and at 30-day intervals thereafter.” The amended version drops the proviso that no fees or commissions may be deducted from the collected taxes by a county in a county under township organization. Instead, the new section 280 requires that collected taxes must be invested pursuant to statute and interest accruing on those investments, if held more than 30 days, must be distributed with the principal. No specific mention is made of interest on investments earned within 30 days. It is the county’s contention that section 280 now authorizes its retention of that short-term interest.
 

 As in Wood Dale I, this court is faced with an issue of statutory construction where the basic rule that the legislative intent should be given effect, primarily from the language of the statute, is of limited aid. (107 Ill. App. 3d 409, 411, 437 N.E.2d 923, 926, citing Town of City of Peoria v. O’Connor (1981), 85 Ill. 2d 195, 203.) Certain rules of construction favor the county’s suggested reading. First, it is normally presumed that an amendment is intended to change the law as it formally existed, rather than to reaffirm it. (Saltiel v. Olsen (1979), 77 Ill. 2d 23.) Here, the deletion of the proviso against fees and the addition of the provision for distribution of long-term interest might imply a change: retention of short-term interest as a fee. Second, under the rule of expressio unius est exlusio alterius, when a statute enumerates certain things, that enumeration implies the exclusion of all other things, although there be no negative words of prohibition. (Roth v. Department of Public Aid (1982), 109 Ill. App. 3d 457, 440 N.E.2d 910.) Here, the application of this principle might infer the implicit authority to retain short-term interest from the explicit mandate to distribute long-term interest. Finally, where statutory language is ambiguous, it is appropriate to examine the legislative history. (People v. Boykin (1983), 94 Ill. 2d 138.) The county cites senatorial remarks indicating an understanding that the amended section 280 would permit counties to keep the first 30-days’ interest.
 

 However, other rules of statutory construction militate in favor of the district’s reading of section 280. This court previously observed that the Investment of Public Funds Act (Ill. Rev. Stat. 1981, ch. 85, pars. 901 through 906) and section 6.1 of the County Treasurers’ Act (Ill. Rev. Stat. 1981, ch. 36, par. 22.1) appear to be in pari materia because they purport to deal with the same subject matter. (107 Ill. App. 3d 409, 411, 437 N.E.2d 923, 926.) Similarly, it is apparent that section 280 is in pari materia with the Investment of Public Funds Act. Statutes in pari materia should be construed together so that they may be given harmonious effect. (People v. Scheib (1979), 76 Ill. 2d 244; United States Steel Corp. v. Pollution Control Board (1978), 64 Ill. App. 3d 34, 380 N.E.2d 909.) Since it has already been held that the Investment of Public Funds Act entitles the district to the claimed interest (Wood Dale I, 107 Ill. App. 3d 409, 417, 437 N.E.2d 923, 930), a harmonious construction of section 280 would not infer authorization to retain short-term interest from that statute’s silence.
 

 Most importantly, where a statute is subject to two constructions, one of which may render it unconstitutional, courts are bound to adopt the construction which avoids the constitutional problem. (Pritz v. Chesnul (1982), 106 Ill. App. 3d 969, 436 N.E.2d 631; People v. Ortega (1982), 106 Ill. App. 3d 1018, 436 N.E.2d 606.) This rule was relied upon by this court in Wood Dale I to construe the County Treasurers’ Act as not authorizing the county’s retention of interest on noncounty tax funds. (107 Ill. App. 3d 409, 412-17, 437 N.E.2d 923, 927-30.) Because section 280 would be unconstitutional if construed to authorize the retention of the interest earned on other public entities’ collected tax revenues and because the plain language of that statue does not specifically authorize that practice, we decline to construe section 280 to authorize the challenged retention of interest.
 

 Thus, we hold that section 280 does not prospectively bar the district’s claim and the trial court erred in granting summary judgment for the county.
 

 RETROSPECTIVE RELIEF
 

 The district next contends that the trial court erred in refusing to award it retrospective relief (i.e., the return to the district of the interest money retained by the county from October 1, 1972, through the conclusion of this litigation). The complaint prayed for an accounting for that period and for other relief. The county responds that the trial court acted within its discretion in denying retrospective relief.
 

 The district cites numerous cases for the proposition that the relief sought here should be granted while the county relies exclusively on Flynn v. Kucharski (1971), 49 Ill. 2d 7. These cases deal with equitable relief, and Flynn held that a trial court is endowed with discretion in granting such relief as equity may require. (49 Ill. 2d 7, 11.) In Flynn, after the trial court’s decree declaring a statute invalid insofar as is permitted the defendant township collectors to retain a commission was affirmed by the supreme court, the trial court had ordered the township to turn over only the commission moneys not already expended on the date of the original decree. The supreme court affirmed the trial court’s refusal to require the township to repay moneys actually expended before that date. The supreme court noted that the action was one affecting public entities pertaining to the application and division of tax revenue, and not one in which a fixed pecuniary harm had befallen an ascertained individual. The court agreed that it was proper not to impose the burden of repayment on the townships in a case where they had relied upon the validity of the statute authorizing commissions for nearly 100 years. In the cases cited by the district, on the other hand, retrospective relief was held to be appropriate. (Board of Highway Commissioners v. City of Bloomington (1911), 253 Ill. 164; Board of Trustees v. Village of Glen Ellyn (1949), 337 Ill. App. 183, 85 N.E.2d 473; Trico Community Unit School District No. 176 v. Steeleville Community Unit School District No. 138 (1959), 22 Ill. App. 2d 39, 159 N.E.2d 507; Board of Trustees v. Webb (1974), 24 Ill. App. 3d 183, 321 N.E.2d 127; Century Community Unit School District No. 100 v. McClellan (1975), 27 Ill. App. 3d 255, 327 N.E.2d 32; County of Lake v. X-Po Security Police Service, Inc. (1975), 27 Ill. App. 3d 750, 327 N.E.2d 96; Village of Wheeling v. Stavros (1980), 89 Ill. App. 3d 450, 411 N.E.2d 1067; Selmaville Community Consolidated School District No. 10 v. Salem Elementary School District No. Ill (1981), 96 Ill. App. 3d 1062, 421 N.E.2d 1087.) While the specific remedy approved in most of these cases is a constructive trust, the principle for which they all stand is that restitutionary relief is proper where a party has received money which belongs to another under such circumstances that in equity and good conscience the party should not retain it. See, e.g., Board of Trustees v. Village of Glen Ellyn (1949), 337 Ill. App. 183, 194-95, 85 N.E.2d 473, 479; Selmaville Community Consolidated School District No. 10 v. Salem Elementary School District No. 111 (1981), 96 Ill. App. 3d 1062, 1066-67, 421 N.E.2d 1087, 1091.
 

 This principle was not necessarily contradicted by Flynn, which rather should be read as holding that equity and good conscience did not require repayment under the circumstances of that case. The circumstances of the most explicit concern in Flynn was the fact that, because the case involved tax distribution between public entities, it did not involve pecuniary harm to ascertained individuals. (Flynn v. Kucharski (1971), 49 Ill. 2d 7, 11.) The supreme court in DeBruyn v. Elrod (1981), 84 DI. 2d 128, 137, distinguished Flynn on this basis in awarding reimbursement. However, the same cannot be done here where the parties are public entities and the issue is distribution of tax moneys. That this factor alone need not bar retrospective recovery here is demonstrated by the cases cited by the district. See, e.g., Board of Highway Commissioners v. City of Bloomington (1911), 253 Ill. 164; Century Community Unit School District No. 100 v. McClellan (1975), 27 Ill. App. 3d 255, 327 N.E.2d 32; Board of Trustees v. Webb (1974), 24 Ill. App. 3d 183, 321 N.E.2d 127.
 

 The district argues that several factors distinguish Flynn from the present case. It most strongly emphasizes that a breach of fiduciary duty was involved here and in the cases it cites while none was present in Flynn. However, the township collectors in Flynn who retained the unconstitutional commissions were public officials. As such, they owed a fiduciary duty to the taxpayer-plaintiffs. (See People v. Savaiano (1976), 66 Ill. 2d 7.) While this is a different fiduciary relationship than that between a tax collector and public taxing bodies, noted in City of Peoria v. O’Connor (1981), 85 Ill. 2d 195, 203, and present here, the distinction that the district argues is not apparent.
 

 The district also attempts to distinguish Flynn in that the unconstitutional statutory provision under which the townships collected commissions in that case had been relied upon for nearly 100 years without challenge. (Flynn v. Kucharski (1971), 49 Ill. 2d 7, 11.) Furthermore, there was no statute in Flynn prescribing a different practice. By contrast, in the present case, the county’s retention of interest began in 1972, one year after the effective date of the salaries and fees clause of the 1970 Illinois Constitution and nine years before the initiation of this litigation. As discussed, the provisions of the Investment of Public Funds Act (Ill. Rev. Stat. 1981, ch. 85, pars. 901, 902) require pro rata distribution by the county of the interest earned on noncounty tax funds. Most importantly, a prior case has made it clear that the salaries and fees clause prohibits counties from collecting fees based on tax revenues collected on behalf of other units of local government. City of Joliet v. Bosworth (1976), 64 Ill. 2d 516.
 

 In sum, then, Flynn presents a set of facts similar to but distinct from the present case. The same could be said for each of the cases cited by the district. Because we share the concern of the Flynn court that a heavy burden should not be imposed by retroactively altering a tax distribution scheme merely between public entities, we believe that the trial court did not abuse its discretion in declining to order the return of the wrongfully retained interest moneys from the inception of the practice. On the other hand, since the filing of the supreme court’s opinion in City of Joliet v. Bosworth (1976), 64 Ill. 2d 516, the county should have in good conscience been aware that its practice was constitutionally infirm. Equity, in our view, does not permit the county’s retention of wrongfully collected moneys from October 1, 1976, the filing date of Bosworth. We therefore reverse the trial court’s denial of retrospective relief only to that extent.
 

 CLASS CERTIFICATION AND PRELIMINARY INJUNCTION
 

 The district finally contends that the trial court erred in denying its motions for class certification and preliminary injunctive relief. These motions were denied on the basis that the summary judgment decision rendered them moot. Because of our disposition, these issues cannot now be considered moot and the trial court should give them full consideration upon remand.
 

 Accordingly, we reverse the summary judgment of the circuit court of Du Page County and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 SEIDENFELD, P.J., and VAN DEUSEN, J., concur.