(No. 59581.━

THE BOARD OF COMMISSIONERS OF THE WOOD DALE PUBLIC LIBRARY DISTRICT *et al.*, Appellees, v. THE COUNTY OF DU PAGE *et al.*, Appellants.

*Opinion filed October 3, 1984.*

MORAN, J., took no part.

James R. Schirott, of Schirott & Elsner, of Itasca, for appellants.

Barry L. Moss and George A. Marchetti, of Moss and Bloomberg, Ltd., of Bolingbrook, for appellees.

JUSTICE CLARK delivered the opinion of the court:

This is the second time these parties have been before this court. Since our earlier opinion (96 Ill. 2d 378) and the appellate court's decisions (107 Ill. App. 3d 409; 119 Ill. App. 3d 1085) set forth the facts of this case, we will not discuss its lengthy history. Rather, we will briefly set forth the facts pertinent to this appeal.

The Du Page County treasurer collects tax moneys for and on behalf of the county's local governmental units. For some time, the treasurer has invested these moneys and has earned interest on the investments. The county has not distributed the interest to the local governmental units. Instead, the county has deposited the interest moneys in the county corporate fund. The

county relied on section 6.1 of "An Act concerning county treasurers ***" (the County Treasurer's Act) (Ill. Rev. Stat. 1981, ch. 36, par. 22.1) as authority to retain the interest moneys. The district is challenging this practice.

In the first appeal, we affirmed the appellate court's holding that the county's practice of retaining the interest was unconstitutional in that it violated section 9(a) of article VII of our 1970 Constitution (Ill. Const. 1970, art. VII, sec. 9(a)). We remanded the cause to the trial court for that court to consider the effect, if any, of a recent amendment to section 280 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 761) on the issues presented; the amendment became effective after the trial court had dismissed the case. *Board of Commissioners v. County of Du Page* (1983), 96 Ill. 2d 378.

On remand, the trial court found that section 280 prospectively barred the district's claim and that the district was not entitled to retroactive relief. The district appealed from the trial court's order which granted the county's motion for summary judgment and which denied the district's motions for a preliminary injunction, class certification and summary judgment. The district prayed that the appellate court enjoin the defendants from keeping the interest earned on the collected tax moneys and that the moneys be placed in a separate fund pending a full accounting by the county.

The appellate court reversed the trial court and held that section 280 did not prospectively bar the district's claim and that the trial court erred in granting summary judgment for the county. (*Board of Commissioners v. County of Du Page* (1983), 119 Ill. App. 3d 1085, 1093.) The appellate court also held that retroactive relief was proper from the date of this court's opinion in *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, which was filed on October 1, 1976. The appellate court remanded the is-

sues of class certification and preliminary injunctive relief to the trial court. The trial court had originally denied the district's motions for a preliminary injunction and class certification on the basis that the summary judgment decision for the county rendered these issues moot. The county petitioned this court for leave to appeal. The petition was denied. The county petitioned for reconsideration, and we vacated our earlier denial.

The only issue before this court is whether relief should be awarded retroactively to October 1, 1976, the date this court's opinion was filed in *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, or prospectively from the date of our ruling in *Wood Dale I*, May 27, 1983. (Since this case has been to the appellate court and to this court twice, we will refer to the first appeal to the appellate court and this court as *Wood Dale I* (107 Ill. App. 3d 409; 96 Ill. 2d 378) and to the second appeal to the appellate court and this court as *Wood Dale II* (119 Ill. App. 3d 1085).)

"It is within our inherent power as the highest court of this State to give a decision prospective or retrospective application ***." (*Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 28.) This court may apply its decisions prospectively (*Great Northern R.R. Co. v. Sunburst Oil & Refining Co.* (1932), 287 U.S. 358, 77 L. Ed 360, 53 S. Ct. 145), when retroactive application would be inequitable (*Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 30 L. Ed. 2d 296, 92 S. Ct. 349; *Flynn v. Kucharski* (1971), 49 Ill. 2d 7).

*Chevron Oil* listed three factors the United States Supreme Court has used for determining when a decision in a civil case should be applied prospectively only. The court said:

"First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied

[citation], or by deciding an issue of first impression whose resolution was not clearly foreshadowed [citation]. Second, it has been stressed that 'we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' *Linkletter v. Walker* [(1965), 381 U.S. 618, 629, 14 L. Ed. 2d 601, 608, 85 S. Ct. 1731, 1738]. Finally, we have weighed the inequity imposed by retroactive application for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' [Citation.]" 404 U.S. 97, 106-07, 30 L. Ed. 2d 296, 306, 92 S. Ct. 349, 355.

In *Lemon v. Kurtzman* (1973), 411 U.S. 192, 36 L. Ed. 2d 151, 93 S. Ct. 1463, the court emphasized the first factor in *Chevron Oil*; namely, reliance on existing law. In *Lemon*, the court denied retroactive application to an earlier decision, involving the same parties, which held that a State program of contracting with church-affiliated schools to provide secular classes was unconstitutional. In denying retroactive application to its earlier holding, the court stressed the fact that State authorities had relied on a State statutory scheme which provided for the program.

In *Lemon*, the court said that it has recognized "that statutory or even judge-made rules of law are hard facts on which people must rely in making decisions and in shaping their conduct. This fact of legal life underpins our modern decisions recognizing a doctrine of nonretroactivity." 411 U.S. 192, 199; 36 L. Ed. 2d 151, 160; 93 S. Ct. 1463, 1468.

This court, like the United States Supreme Court, has emphasized a party's reliance on existing law when deciding whether to apply a decision prospectively or retroactively. See *e.g., Bassi v. Langloss* (1961), 22 Ill. 2d

190, and *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11.

In the case at bar, the treasurer of Du Page County relied on section 6.1 of the County Treasurer's Act (Ill. Rev. Stat. 1981, ch. 36, par. 22.1) to retain the interest moneys earned and to deposit those moneys in the county corporate fund. Section 6.1 of the County Treasurer's Act provides:

> "All earnings accruing on any investments or deposits made by the County Treasurer whether acting as such or as County Collector, of county monies as in this Act is defined, shall be credited to and paid into the County Treasury for the benefit of the county corporate fund to be used for county purposes, except where by specific statutory provisions such earnings are directed to be credited to and paid to a particular fund." (Ill. Rev. Stat. 1981, ch. 36, par. 22.1.)

Section 1 of the Act defines county moneys as follows:

> "The term 'county moneys' shall include all moneys to whomsoever belonging, received by or in possession or control of the incumbent of the office of county treasurer when acting as such or in any other official capacity incident to his incumbency of the office of county treasurer." Ill. Rev. Stat. 1981, ch. 36, par. 17.

*Wood Dale I* was the first case that indicated the county treasurer's reliance on section 6.1 was misplaced. In *Wood Dale I*, we agreed with the appellate court "that to hold that section 6.1 of the County Treasurers' Act included the interest earned on funds owned by other units of local government would render it unconstitutional." (96 Ill. 2d 378, 383.) Prior to *Wood Dale I*, there was no indication that this section could not be relied on for the treasurer's practice of retaining the interest moneys.

The county's reliance on this statute was also reflected by the fact that the district failed to bring any

court action to call into question the county's practice. Counsel for the county stated during oral argument that since 1976, the year *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, was decided, the State's 6,700 local taxing units collecting taxes twice a year, together collected taxes on 80,400 occasions, and that during that time no local government made a claim against a county for the interest retained. The treasurer and the county continued their practice of retaining the interest moneys relying on the fact that their's was an accepted practice Statewide, unquestioned by any local government.

"[G]overnments must act if they are to fulfill their high responsibilities." (*Lemon v. Kurtzman* (1973), 411 U.S. 192, 207; 36 L. Ed. 2d 151, 165; 93 S. Ct. 1463, 1472.) The district, in asking us to apply the rule in *Wood Dale I* retroactively, in effect asks that we hold county officials acting pursuant to State law "to the peril of having their arrangements unraveled if they act before there has been an authoritative judicial determination ***" (411 U.S. 192, 207; 36 L. Ed. 2d 151, 165; 93 S. Ct. 1463, 1473) that their actions are proper. Local government officials, like other people, are entitled to rely on State statutes when "making decisions and in shaping their conduct." 411 U.S. 192, 199; 36 L. Ed. 2d 151, 160; 93 S. Ct. 1463, 1468.

In *Lemon*, the United States Supreme Court, in denying retroactive application to its earlier holding, stressed that the State officials had acted relying on State law. In the case at bar, the treasurer of Du Page County also relied on State law.

In *In re Petition of Negron* (1975), 33 Ill. App. 3d 112, the court, referring to *Chevron Oil*, said, "[A] decision following a novel or previously uncharted course would less likely be given retroactive effect." (33 Ill. App. 3d 112, 116.) *Wood Dale I* was the first case to indicate that section 6.1 of the County Treasurer's Act (Ill.

Rev. Stat. 1981, ch. 36, par. 22.1) did not permit the county to retain the interest moneys. The ruling in *Wood Dale I* was novel in this respect and did not follow a previously charted course.

We now turn to the second and third factors listed by the United States Supreme Court in *Chevron Oil*: whether the purpose and effect of the new decision will best be served by retroactive or prospective application and whether it would be inequitable to impose retroactive application.

The district has cited numerous cases for the proposition that retroactive relief is appropriate. (*Board of Highway Commissioners v. City of Bloomington* (1911), 253 Ill. 164; *Board of Trustees v. Village of Glen Ellyn* (1949), 337 Ill. App. 183; *Century Community Unit School District No. 100 v. McClellan* (1975), 27 Ill. App. 3d 255; *County of Lake v. X-Po Security Police Service, Inc.* (1975), 27 Ill. App. 3d 750; *Village of Wheeling v. Stavros* (1980), 89 Ill. App. 3d 450; *Selmaville Community Consolidated School District No. 10 v. Salem Elementary School District No. 111* (1981), 96 Ill. App. 3d 1062.) As the appellate court in *Wood Dale II* noted, the principle for which these cases stand is that "restitutionary relief is proper where a party has received money which belongs to another under such circumstances that in equity and good conscience the party should not retain it. See, *e.g.*, *Board of Trustees v. Village of Glen Ellyn* (1949), 337 Ill. App. 183, 194-95, 85 N.E. 2d 473, 479; *Selmaville Community Consolidated School District No. 10 v. Salem Elementary School District No. 111* (1981), 96 Ill. App. 3d 1062, 1066-67, 421 N.E.2d 1087, 1091." 119 Ill. App. 3d 1085, 1094.

The county, on the other hand, relies on *Flynn v. Kucharski* (1971), 49 Ill. 2d 7, for the proposition that *Wood Dale I* should not be applied retroactively.

*Flynn* is similar to the case at bar. In *Flynn*, a suit

was filed challenging the constitutionality of a statute which provided that fees be paid to township collectors. This court affirmed the circuit court's holding that the statute was unconstitutional. The case was remanded to the circuit court. On remand, the circuit court ordered that all fees which were in the possession or control of the township or its officers on the date of or after the date of its original order were to be paid over to the county. This court affirmed the circuit court's prospective application and said that the circuit court, "in exercising its discretionary powers, properly found that the interest of all concerned would best be served by not imposing a burden predating the decree of unconstitutionality on the townships, and conversely that they should not be rewarded by the retention of monies unconstitutionally accumulated on said date." *Flynn v. Kucharski* (1971), 49 Ill. 2d 7, 11.

Although, the cases cited by the district granted restitutionary relief, such relief is not required in every case, as indicated by this court's holding in *Flynn*. Under the circumstances in the case at bar, restitutionary relief is not required.

Since "[t]his is an action seeking equitable relief, *** the court is endowed with broad discretion to grant such relief as equity may require." (*Flynn v. Kucharski* (1971), 49 Ill. 2d 7, 11.) "[R]eliance interests weigh heavily in the shaping of an appropriate equitable remedy." (*Lemon v. Kurtzman* (1973), 411 U.S. 192, 203; 36 L. Ed. 2d 151, 163; 93 S. Ct. 1463, 1471.) In this case the county and the county treasurer relied on a State statute as authority for retaining the interest moneys. The first time it was apparent that their reliance was misplaced was with this court's decision in *Wood Dale I*. We believe that the interest of all concerned would best be served by not imposing a burden on the county predating our holding in *Wood Dale I*. Therefore, we hold that the rule

of *Wood Dale I* should be applied prospectively from May 27, 1983, the date our opinion was filed in *Wood Dale I*.

Before we conclude, we will comment on *Village of Pawnee v. Johnson* (1984), 103 Ill. 2d 411, which was also decided during this session. In *Village of Pawnee*, we decided that (1) municipalities are entitled to be credited with the interest income earned on Municipal Retailer's Occupation Tax Act receipts and (2) the municipalities could not recover the interest income from the receipts retroactively.

In *Village of Pawnee*, retroactive relief was not granted because such relief would have amounted to an impermissible money judgment against the State. However, in *Wood Dale II*, we do not grant retroactive relief because to do so would be inequitable.

The judgment of the appellate court which granted retroactive relief from October 1, 1976, is reversed. In so reversing, we affirm the circuit court's holding that the district is not entitled to relief for the period prior to our decision in *Wood Dale I*. Consequently, the interest earned on the collected moneys shall be payable to the district prospectively from May 27, 1983, the date our opinion was filed in *Wood Dale I*. Therefore, we remand to the circuit court with directions to enter an order for the distribution of the funds from the date of *Wood Dale I*, in accordance with the terms of this opinion.

*Appellate court reversed; circuit court affirmed; cause remanded, with directions.*

JUSTICE MORAN took no part in the consideration or decision of this case.