DIANE M. GROSS, Plaintiff-Appellant, v. HAROLD WASHINGTON, Mayor of the City of Chicago, *et al.*, Defendants-Appellees.

First District (2nd Division) No. 87—2641

Opinion filed May 31, 1988.

---

*Justice Stamos participated in the decision of this case prior to taking office as a supreme court judge.

Arnold & Kadjan, of Chicago, for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Michael K. Fridkin, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff appeals from orders dismissing her complaint and denying her motion for leave to file an amended complaint challenging the City of Chicago's ordinance imposing a 50-cent charge on each booklet of 11 50-cent coupons redeemable for food and beverages at the 1987 Taste of Chicago. On appeal she argues that the June 15, 1987, ordinance violates article VII, section 9(a), of the Illinois Constitution (Ill. Const. 1970, art. VII, §9(a)).

Plaintiff attended Taste of Chicago, a food festival sponsored by defendants on June 29, 1987. At this festival, vendors sold food and beverages in exchange for coupons, valued at 50 cents each, which could be purchased only from defendant City of Chicago. These coupons were sold in booklets of 11 for a total price of $6, including a 50-cent charge to cover the "cost of amenities."

On April 1, 1987, prior to the commencement of Taste of Chicago, the city council passed an ordinance appropriating $10,021,060 to be spent on various "special events," including Taste of Chicago, from revenues raised by those events. On June 15, 1987, also prior to the commencement of Taste of Chicago, the city council passed an ordinance imposing the 50-cent charge on each booklet of coupons to raise some of the funds appropriated by the April 1, 1987, ordinance. That ordinance provides in part as follows:

"Section 1. A charge of 50 cents is hereby imposed on the purchase of each booklet, sheet or other group of eleven coupons redeemable for food and beverages at the event known as the Taste of Chicago, as authorized by an ordinance passed on

April 1, 1987 (C.J.P.p. 40954). The proceeds of the charge shall be applied to the costs incurred by the Department of Cultural Affairs and the Office of Special Events in the presenting, promoting and administering of Taste of Chicago and various other cultural, social and entertainment events."

On July 1, 1987, plaintiff filed this action, alleging that the 50-cent charge was a "tax" imposed without legislative authority; that the "tax" exceeded any amount authorized by the Municipal Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat., 1986 Supp., ch. 24, par. 8—11—1); that the "tax" was not collected in accordance with the requirements of that Act; that the "tax" violated article VII, section 6(e), of the Illinois Constitution; and that the "tax" violated sections 7—8(A), (D), and (E) of the Municipal Code of Chicago. The complaint also prayed for injunctive relief in the form of an order requiring defendants to hold the proceeds from the 50-cent charge in a constructive trust, and on July 2, 1987, plaintiff filed a petition for a temporary restraining order (TRO), which was granted that same day. At the TRO hearing, she raised two claims that had not been alleged in her complaint: first, that the 50-cent charge had been imposed by ordinance without the prior notice and publication required by the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 1—2—4), and secondly, that the 50-cent charge violated article VII, section 9(a), of the Illinois Constitution.

On July 13, 1987, defendants filed a motion to dissolve the TRO and dismiss the action. Both parties submitted briefs which addressed the claims raised in the complaint and at the TRO hearing. After reviewing these briefs and hearing oral argument from both parties, the trial court issued an order rejecting all of plaintiff's claims, dissolving the TRO and dismissing her action.

On August 18, 1987, plaintiff moved for leave to file an amended complaint which incorporated the claims first raised at the TRO hearing. The trial court denied plaintiff's motion, finding that "the [a]mended [c]omplaint fails to raise any new arguments not previously addressed in the [c]ourt's ruling of July 20, 1987."

Plaintiff appeals both from the order dismissing her action and the order denying her leave to file an amended complaint, arguing that the 50-cent charge violates article VII, section 9(a), of the Illinois Constitution.

OPINION

Article VII, section 9(a), of the Illinois Constitution provides:

"(a) Compensation of officers and employees and the office

expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes." Ill. Const. 1970, art. VII, §9(a).

Plaintiff contends that the June 18, 1987, ordinance violates section 9(a), because it provides that the fees collected shall be used to pay for the office expenses incurred by the city's department of cultural affairs and its office of special events. Defendants respond that the challenged ordinance provides that the fees collected "shall be applied to the costs incurred *** in the presenting, promoting and administering of Taste of Chicago and various other cultural, social and entertainment events," and nowhere states that such costs include office expenses. Defendants further argue that the legislative history of the ordinance confirms that the 50-cent charge was not appropriated for office expenses. The April 1, 1987, ordinance, which appropriated the funds for Taste of Chicago and other special events, itemized the particular expenses to be paid with such funds, and there is no provision for the payment of office expenses in that ordinance. The June 15 ordinance merely specified how some of the funds appropriated on April 1 were to be raised, and did not provide for any additional appropriations. Thus, defendants contend, the challenged ordinance does not provide for the payment of office expenses and it is not in violation of section 9(a).

■ The purpose of section 9(a) was to abolish the once-prevailing practice of "fee offices." Under the "fee office" system, tax collectors, for example, were paid for their official services by deducting a percentage commission from the taxes they collected, even though those charges bore no relation to the actual costs incurred in collecting taxes. (*City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, 524, 356 N.E.2d 543; 7 Record of Proceedings, Sixth Illinois Constitutional Convention 2730.) Section 9(a) was designed to "correct *** the danger of deceiving the public as to county finances." (*Board of Commissioners v. County of Du Page* (1982), 107 Ill. App. 3d 409, 416, 437 N.E.2d 923, *aff'd* (1983), 96 Ill. 2d 378, 450 N.E.2d 332.) Today, under section 9(a), all local officials are compensated on a salaried basis, independent of the amount of money handled by their offices.

Plaintiff recognizes the historical background of section 9(a), but contends that the 50-cent charge violates the literal meaning of that paragraph. She argues that the city may pay office expenses with the proceeds of the 50-cent charge, and thus the challenged ordinance

may violate section 9(a).

Section 9(a) prohibits the payment of office expenses from fees collected, and there has been no allegation that the city has made such payments. The language of the ordinance does not provide for such payments; therefore, the ordinance does not violate section 9(a).

■ Plaintiff also argues that the 50-cent charge is not based on any specific service rendered, and is thus a fee "based upon funds *** collected," in violation of section 9(a). Defendant contends that plaintiff misapprehends the meaning of the phrase "fees shall not be based upon" funds collected, which has been interpreted as meaning "fees shall not be charged for" collecting funds. (*City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, 530, 356 N.E.2d 543; see also *Board of Commissioners v. County of Du Page* (1982), 107 Ill. App. 3d 409, 415, 437 N.E.2d 923, *aff'd* (1983), 96 Ill. 2d 378, 450 N.E.2d 332 ("To be a 'fee' based upon funds collected or upon the levy or extension of taxes, it would seem sufficient that a charge is derived from the tax collection and disbursement process").) Here, the 50-cent charge was for the cost of amenities provided to those attending Taste of Chicago. We agree that section 9(a) was not intended to address the issues raised in this case, and the 50-cent charge does not violate this section of the Illinois Constitution.

■ Plaintiff also contends that the trial court erred in denying her leave to file an amended complaint. At the TRO hearing, the trial court considered the allegations which were later brought in plaintiff's amended complaint and found that they were insufficient to state a cause of action. Because the amended complaint failed to raise any new arguments not already addressed by the court, the trial judge did not err in denying plaintiff's motion to file her amended complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P.J., and BILANDIC, J., concur.